TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00206-CV






In the Matter of J. M.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-17,799, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 The 98th District Court, sitting as the Juvenile Court of Travis County, found
appellant guilty of engaging in delinquent conduct (1) by committing the offense of possession of
marihuana. (2) Appellant appeals the adjudication of delinquency, asserting in two points of error that
the court improperly denied his motion to suppress evidence. We will affirm the delinquency
adjudication.


FACTUAL AND PROCEDURAL BACKGROUND



 In the early morning hours of January 4, 1998, Officer Leslie Snow of the Austin
Police Department encountered three males, including appellant, walking down an Austin street
that was within a curfew area. From their appearance, Snow suspected the three were juveniles 
in violation of Austin's juvenile curfew ordinance. (3) She stopped the group, inquired as to their
names and ages, and asked them to produce identification. All complied, and she confirmed her
suspicions that they were indeed minors.

 Snow testified (4) that, after confirming that the three boys were juveniles, she told
them they were "in custody" for violating the curfew ordinance. She then conducted a search of
each, including reaching into the boys' pants pockets. Finding nothing illegal on one of the
juveniles and only cigarettes on the other, Snow issued field release citations to those two boys
and released them to the custody of their parents. Snow's search of appellant's pockets revealed
two baggies containing small amounts of marihuana; as a result, appellant was transported to
Gardner-Betts Juvenile Justice Center. Snow explained that, pursuant to the general policy of the
Austin Police Department, had she found nothing illegal on appellant, he too would have been
given a field release citation and released to the custody of his parents.

 Appellant's testimony concerning the events of that night largely comports with
Snow's version. Appellant did add, however, that he explained to the officer why he was out past
curfew. He testified that he told her that he and his two companions had been at a friend's house
and had been given permission to spend the night; the friend's mother later changed her mind,
however, and told the boys to leave. He was not given an opportunity to use the telephone before
leaving, so he had no choice but to walk home, and was doing so when the officer stopped him.

 Appellant was charged with delinquent conduct for possession of marihuana. 
Appellant filed a motion to suppress the marihuana evidence obtained by Officer Snow, arguing
that he was not in custody when he was searched and therefore any evidence was seized in
violation of his constitutional and statutory rights. The trial court denied the motion. Appellant
then pleaded guilty pursuant to a negotiated plea arrangement. This appeal on the suppression
determination followed.


DISCUSSION



 In reviewing a suppression determination, reversal is proper only if the trial court
abused its discretion and the decision is unsupported by the record. Rachal v. State, 917 S.W.2d 799,
809 (Tex. Crim. App. 1996). The reviewing court must view the record and all reasonable inferences
therefrom in the light most favorable to the trial court's ruling. Villarreal v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996). The trial court's ruling must be sustained if it is reasonably supported
by the record. Id. The trial court is the sole judge of the credibility of the witnesses and the
weight to be given their testimony. Id.

 Appellant challenges the trial court's denial of his motion to suppress in two related
points of error. Appellant contends first that when Snow searched him, he was not "in custody,"
but rather was only the subject of an investigatory detention, which should have ended as soon as
he offered the officer a valid defense to his curfew violation. (5) In his second point of error,
appellant argues generally that because he was not under "custodial arrest" at the time he was
searched, the search was constitutionally impermissible. (6) Because the outcome of both points of
error turns on whether appellant was "in custody" at the time of the search, we will address them
together. (7)

 It is well established that searches of a person incident to a lawful arrest are
excepted from the requirement of obtaining a warrant and thus do not violate either the Fourth
Amendment of the United States Constitution or Article I, Section 9 of the Texas Constitution. 
See, e.g., Rogers v. State, 774 S.W.2d 247, 264 (Tex. Crim. App. 1989). Appellant concedes
that had he been placed under "full custodial arrest," any search conducted thereafter would have
been legally permissible as a valid search incident to arrest; (8) however, he contends he was not
under custodial arrest at the time of the search.


Section 52.028 of the Family Code


 In support of his argument that he was not in custody at the time of the search,
appellant points to Snow's testimony that, until she found the contraband in appellant's pocket,
she had no intention of taking him to a juvenile processing facility, but intended merely to issue
him a field citation and release him to the custody of his parents, as she ultimately did with the
other two boys. Appellant argues that the officer's intent to "release" the boys shows they were
not actually in custody at the time of the search and seizure. We disagree.

 Section 52.028 of the Family Code mandates the procedures that must be followed,
without unnecessary delay, once an officer has taken a juvenile into custody for violation of a
juvenile curfew ordinance. See Tex. Fam. Code Ann. § 52.028 (West 1996). The statute
provides the officer with three options: (1) release the child to his parent or guardian; (2) take the
child before a court to answer the charge; or (3) take the child to a juvenile curfew processing
office. See id.

 Because these options arise after the child has been taken into custody, however,
which of the three alternatives the officer intends to pursue--or which alternative she ultimately
chooses to pursue--has no bearing on the preliminary determination of whether the child is in
custody. Regardless of which option the officer exercises, she is merely following the procedures
required by the statute after the child has been placed in custody. Therefore, Snow's testimony
that she initially intended to release all three boys to the custody of their parents is not inconsistent
with placing them in custody for violation of the curfew ordinance.

 Appellant directs this Court to the recent United States Supreme Court opinion in
Knowles v. Iowa, U.S. , 119 S. Ct. 484 (1998), as controlling on the issue of custody when
an officer's intent is to issue a citation and release. In that case, an officer stopped Knowles for
speeding and, under Iowa law, had the choice to either issue a citation or arrest. The officer chose
to issue the citation, but nevertheless searched Knowles's car. When the officer found illegal
contraband, Knowles was arrested. The court held that the officer's search incident to the issuance
of a citation, without an arrest, violated the Fourth Amendment. See id. at 487.

 We find Knowles to be distinguishable. In the present appeal, Officer Snow
searched appellant incident to taking him into custody for a curfew violation, not incident to
issuing a citation with no arrest. The fact that Snow initially intended to issue a citation and
release appellant to his parents subsequent to taking him into custody does not place this case
within the Knowles decision, where the officer chose only to issue a citation and release without
making an arrest. Contrary to appellant's assertion, the "release" of a juvenile contemplated by
section 52.028(a)(1) of the Family Code is not equivalent to the release with citation addressed in
Knowles. The latter involves a full release from all further detention; the former continues
restraint by dictating that the child be released to the custody of his parent as part of the statutory
processing established for juvenile curfew offenders once they are in custody. (9)

 Appellant asserts that upholding the trial court's decision in this case will encourage
officers to make "sham" arrests of juveniles. Specifically, he expresses concern that an officer
who has no intention of taking a juvenile into custody for a curfew violation will make a "sham"
arrest solely for the purpose of conducting a search and then, if nothing is found, "unarrest" and
release the child. Here, however, we are not presented with a situation where the officer has the
option of either taking the juvenile into custody or releasing him with a citation. Rather, the
officer must first make the decision to take the child into custody; once she has done so, she must
comply with one of the three alternatives found in the section 52.028(a) statutory scheme for
processing juveniles who are in custody for curfew violations, one of which is releasing the child
to the custody of his parent.

 In fact, if we were to adopt appellant's logic, we would effectively be holding that
whenever an officer stops a child for violation of curfew with the intention of taking the child into
custody, but also intends to follow the section 52.028(a)(1) statutory scheme and release the child
to the custody of his parents, the officer necessarily must have engaged in a "sham" arrest solely
for the purpose of conducting an illegal search. We decline to so hold.

 Of course, our conclusion that the issue of custody is not affected by Officer Snow's
initial intention to release appellant to the custody of his parents does not end our inquiry. The
question whether appellant was under a custodial arrest when Snow conducted her search remains
to be determined. Snow testified that she told the boys they were "in custody" once she
determined their ages. We agree with appellant that simply saying the words "you are in custody"
is not dispositive on whether an actual custodial arrest has occurred.


"Seizure" of Person


 The court of criminal appeals has adopted the standard found in California v.
Hodari D., 499 U.S. 621 (1991), for determining when a person is "seized" for purposes of
article I, section 9 of the Texas Constitution. (10) See Johnson v. State, 912 S.W.2d 227, 235 (Tex.
Crim. App. 1995). Prior to Hodari D., a "seizure" occurred when a reasonable person facing a
show of authority first believed he was not free to leave. Under the Hodari D. test, a "seizure"
requires not only that a reasonable person believe he was not free to leave, but also requires either: 
(1) the application by the officer of physical force with lawful authority, or (2) submission by the
suspect to the assertion of authority. See Johnson, 912 S.W.2d at 235; State v. Shamsie, 940
S.W.2d 223, 225 (Tex. App.--Austin 1997, no pet.) For purposes of constitutional analysis,
arrests are seizures. See Johnson, 912 S.W.2d at 235.

 In Hodari D., two police officers on foot patrol encountered several youths,
including Hodari, huddled around a parked car. Upon seeing the officers, the youths began to
run. This aroused the officers' suspicions, and they gave chase. When Hodari was about to be
overtaken by one of the officers, he tossed away what was later determined to be a small rock of
cocaine. Hodari sought to suppress the evidence of cocaine as the fruit of an illegal seizure. The
issue before the Court was whether Hodari had been "seized" within the meaning of the Fourth
Amendment before he dropped the contraband. The Court found that he had not, because (1) the
officer had not applied physical force to Hodari before he tossed away the contraband, and
(2) having fled from the officer, Hodari had not submitted to the officer's show of authority.

 As in Hodari D., the controlling issue in the present appeal is whether appellant was
"seized"--i.e., in custody--at the time the contraband was found. Both Officer Snow and
appellant testified that when appellant and his companions were stopped, Snow asked them for
their names and ages. All three boys complied; they did not attempt to flee or refuse to answer
her questions. She then asked them to produce identification. Again, they readily complied by
producing Texas I.D. cards. Snow then told them they were in custody for a curfew violation,
and, once again, they did not attempt to flee or in any other way indicate they would not submit
to this show of authority. Finally, they all submitted to her search. We are convinced that these
actions constituted a sufficient showing of authority by Snow that a reasonable person would not
have felt free to leave, and also demonstrated a submission to that authority by appellant and the
other juveniles.

 We conclude that appellant was in custody at the time Officer Snow conducted the
search of appellant's pockets; accordingly, the search was a valid search incident to arrest and did
not violate either the Fourth Amendment of the United States Constitution or article I, section 9
of the Texas Constitution. Because the contraband found on appellant's person was discovered
pursuant to a lawful search incident to arrest, the trial court did not abuse its discretion in denying
appellant's motion to suppress. Appellant's two points of error are overruled.


CONCLUSION

 The trial court's adjudication of delinquency is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: June 10, 1999

Publish

1. See Tex. Fam. Code Ann. § 54.03 (West 1996 & Supp. 1999).
2. See Tex. Health & Safety Code Ann. § 481.121 (West 1992 & Supp. 1999).
3. See Austin, Tex., Rev. Ordinances ch. 10-7 (1992).
4. All of the evidence in this case was presented at the hearing on appellant's motion to
suppress evidence. After the trial court denied appellant's suppression motion, appellant pleaded
guilty to the offense of possession of marihuana pursuant to a plea arrangement, which allowed
him to appeal the suppression determination.
5. It is a defense to prosecution for a curfew violation that the minor is on an errand made
necessary by an emergency or is moving through a curfew area to his home in a curfew area by
direct route. See Austin, Tex., Rev. Ordinances ch. 10-7 (1992).
6. Appellant does not indicate to this Court what constitutional provisions he contends were
violated. We presume appellant complains the seized contraband should not be admitted under
the "fruit of the poisonous tree" doctrine because the search violated either the Fourth Amendment
of the United States Constitution or Article I, Section 9 of the Texas Constitution or both.
7. Although not entirely clear from appellant's brief, it appears that in his first point of error
appellant may be arguing that because he offered Officer Snow a reason for his curfew violation,
she was obligated to release him immediately. This argument is without merit. The fact that an
arrestee may offer exculpatory evidence to an officer that may later support a defense to criminal
activity does not eliminate probable cause to arrest.
8. While the taking of a child into custody is not technically an "arrest," it is considered an
arrest for the purpose of determining the validity of a search. See Tex. Fam. Code Ann.
§ 52.01(b) (West 1996). For that reason only, we use the terms interchangeably in this opinion. 
9. Although section 52.028 of the Family Code applies only to curfew violators, a person
taking a juvenile into custody for any criminal violation has the option of subsequently releasing
the child to his parent, guardian, or custodian pursuant to the general statutory scheme for
processing a child who has been taken into custody. See Fam. Code § 52.02(a)(1) (West Supp.
1999).
10. The test for when a "seizure" has occurred is identical for purposes of constitutional
analysis under Article I, Section 9 of the Texas Constitution and the Fourth Amendment to the
United States Constitution. See Johnson v. State, 912 S.W.2d 227, 234 (Tex. Crim. App. 1995);
State v. Shamsie, 940 S.W.2d 223, 225 (Tex. App.--Austin 1997, no pet.).


way indicate they would not submit
to this show of authority. Finally, they all submitted to her search. We are convinced that these
actions constituted a sufficient showing of authority by Snow that a reasonable person would not
have felt free to leave, and also demonstrated a submission to that authority by appellant and the
other juveniles.

 We conclude that appellant was in custody at the time Officer Snow conducted the
search of appellant's pockets; accordingly, the search was a valid search incident to arrest and did
not violate either the Fourth Amendment of the United States Constitution or article I, section 9
of the Texas Constitution. Because the contraband found on appellant's person was discovered
pursuant to a lawful search incident to arrest, the trial court did not abuse its discretion in denying
appellant's motion to suppress. Appellant's two points of error are overruled.


CONCLUSION

 The trial court's adjudication of delinquency is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: June 10, 1999

Publish

1. See Tex. Fam. Code Ann. § 54.03 (West 1996 & Supp. 1999).
2. See Tex. Health & Safety Code Ann. § 481.121 (West 1992 & Supp. 1999).
3. See Austin, Tex., Rev. Ordinances ch. 10-7 (1992).
4. All of the evidence in this case was presented at the hearing on appellant's motion to
suppress evidence. After the trial court denied appellant's suppression motion, appellant pleaded
guilty to the offense of possession of marihuana pursuant to a plea arrangement, which allowed
him to appeal the suppression determination.
5. It is a defense to prosecution for a curfew violation that the minor is on an errand made
necessary by an emergency or is moving through a curfew area to his home in a curfew area by
direct route. See Austin, Tex., Rev. Ordinances ch. 10-7 (1992).
6. Appellant does not indicate to this Court what constitutional provisions he contends were
violated. We presume appellant complains the seized contraband should not be admitted under
the "fruit of the poisonous tree" doctrine because the search violated either the Fourth Amendment
of the United States Constitution or Article I, Section 9 of the Texas Constitution or both.
7. Although not entirely clear from appellant's brief, it appears that in his first point of error
appellant may be arguing that because he offered Officer Snow a reason for his curfew violation,
she was obligated to release him immediately. This argument is without merit. The fact that an
arrestee may offer exculpatory evidence to an officer that may later support a defense to criminal
activity does not eliminate probable cause to arrest.
8. While the taking of a child into custody is not technically an "arrest," it is considered an
arrest for the purpose of determining the validity of a search. See Tex. Fam. Code Ann.
§ 52.01(b) (West 1996). For that reason only, we use the terms interchangeably in this opinion. 
9. Although section 52.028 of the Family Code applies only to curfew violators, a person
taking a juvenile into custody for any criminal violation has the option of subsequently releasing
the child to his parent, guardian, or custodian pursuant to the general statutory scheme for
processing a child who has been taken into custody. See Fam. Code § 52.02(a)(1) (West Supp.
1999).
10. The test for when a "seizure" has occurred is identical for purposes of constitutional
analysis under Article I, Section 9 of the Texas Constitution and the Fourth Amendment to the
United States Constitution. See Johnson v. State, 912