IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50999
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO IBARRA-SANCHEZ,

Defendant-Appellant.

_____

No. 98-51044
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL AGUERO-MIRANDA, RICARDO VASQUEZ,

Defendants-Appellants.

_____

Appeals from the United States District Court for the
Western District of Texas

_____

February 8, 2000

## ON PETITION FOR REHEARING

Before GARWOOD, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

IT IS ORDERED that appellants' motion for leave to file petition for rehearing out of time is GRANTED. IT IS FURTHER ORDERED that the petition for rehearing is DENIED.

In their petition for rehearing, appellants contend, *inter alia*, that the evidence presented at the suppression hearing indicated that the officers smelled the marihuana only *after* they ordered the appellants out of the van, not as the officer first approached the van as stated in our opinion. Appellants are correct. We conclude, however, that this inadvertent discrepancy does not in any way affect our disposition of the case.

The suppression hearing transcript reveals that the events at issue unfolded in the following manner. Based on reasonable suspicion, the officers stopped the van and ordered the occupants to exit, which, as we noted in our opinion, the officers were completely justified in doing. *See Knowles v. Iowa*, 119 S.Ct. 484, 488 (1998). Weapons drawn, the officers then grabbed, handcuffed, and placed the appellants in the back of three separate patrol cars. The officers then approached the van to conduct a "protective sweep" for additional persons and/or weapons. As suggested in our opinion, under these circumstances conducting a "protective sweep" of a vehicle that has been stopped based on reasonable suspicion is entirely lawful when undertaken to protect officer safety. *See Michigan v. Long*, 103 S.Ct. 3469, 3481 (1983). Officer Lujan testified that as he and the other officers drew near to the van, he could smell marihuana coming from within (the van's doors were open at this time). The officers then searched the van and discovered the duffel bags filled with marihuana.

The fact that the officers did not form their probable cause to search the lawfully stopped van

2

until after they ordered the appellants out, handcuffed them and put them in the patrol car, makes no difference to the propriety of the search. As soon as the officers smelled the marihuana, they had probable cause to search the van; their reasonable suspicion to stop the van and conduct a "protective sweep" developed into probable cause to search once they smelled the marihuana. At that moment, it made no difference where the appellants were–in the van, on the roadside, or detained in the patrol cars. The officers' ability to smell the marihuana in the van and their decision and ability to search the van depended in no way on the manner in which they had previously detained the appellants after the stop. Our ultimate conclusion therefore remains unchanged: there was no causal link between the post-stop alleged illegal "arrest" of the appellants and the search of the van, which resulted in the seizure of the drugs and the later taking of the appellants' statements. *See Wong Sun v. United States*, 83 S.Ct. 407, 417 (1963) (in order to warrant suppression, challenged evidence must have been gained "by exploitation of [the alleged] illegality"). Admission of the drugs and statements as trial evidence was not error and appellants' petition for rehearing is DENIED.

No further motions for rehearing will be entertained and the mandate shall issue forthwith.