IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40139
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILLIE JAMES BANKS, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-156-ALL
--------------------
March 9, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Willie James Banks, Jr., was convicted by a jury of possession of a firearm by a felon, possession with intent to distribute marijuana, and using and carrying a firearm during and in relation to a drug-trafficking crime. On appeal, Banks attacks the district court's denial of the motion to suppress the fruits of the stop and search of the vehicle he was driving. In reviewing a denial of a motion to suppress, we accept the district court's findings of fact unless clearly erroneous, but review the ultimate conclusion as to the constitutionality of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

law enforcement action de novo.  Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Chavez-Villarreal, 3 F.3d 124, 126 (5th Cir. 1993).

The district court found, based on a videotape of the stop, that Banks was detained for eight minutes from the stop until he consented to the search of the vehicle.  Banks makes no argument that the district court's findings were clearly erroneous in his argument that he was detained "at length without probable cause to arrest him, detain him further[,] or search the vehicle."  The district court's finding that the one minute that elapsed between the completion of the computer check and the request for consent was diminimis is essentially a finding that consent to search was requested withing the period in which Banks reasonably could have been detained for the traffic stop.  Accordingly, there is no constitutional problem as the detention did not exceeded the scope of the initial traffic stop.  See United States v. Dortch, 199 F.3d 193, 200, modified on denial of reh'g, 203 F.3d 356 (5th Cir. 2000).

Banks argues that the Government failed to prove through direct or circumstantial evidence that he knew that the drugs and handgun were hidden in the stereo-speaker box in the trunk.  The evidence is sufficient to support Bank's convictions because the jury could infer that Bank's had knowledge of the marijuana and firearm hidden in the vehicle from the evidence produced at trial, including Bank's testimony.  United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999), cert. denied, 121 S. Ct. 125 (2000).

Banks argues that he district court erred in it application of the sentencing guidelines by increasing his offense level for being a felon in possession of a firearm because of a prior conviction for battery.  Banks admits that he was sentenced to 18 months of imprisonment on the battery charge in question.  Banks does not argue that battery does not involve the use of physical force against the person of another.  See U.S.S.G. §§ 2K1.2(a) and 4B1.2(a).  Banks has not shown the district court erred in counting this offense as a crime of violence and increasing his offense level accordingly.

AFFIRMED.