# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3639

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| Marcus Kinte Landfair, | * | |
| | * | [TO BE PUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 14, 2000

Filed: March 27, 2000

_____

Before McMILLIAN and HEANEY, Circuit Judges, and BOGUE,[1] District Judge.
_____

PER CURIAM.

Marcus Kinte Landfair appeals from a final judgment entered in the United States District Court[2] for the District of Iowa upon his conditional guilty plea to one

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). See United States v. Landfair, No. 1:98CR00014-001 (D. Iowa Aug. 27, 1999). For reversal, Landfair argues that the district court erred in denying his motion to suppress evidence obtained during a warrantless search of the vehicle he was driving at the time of his arrest. For the reasons stated below, we affirm.

Landfair was indicted on February 17, 1998, on one count of possession with intent to distribute 131.9 grams of cocaine base. He filed a motion to suppress, arguing that his vehicle had been searched without probable cause and without his consent. On March 25, 1999, a suppression hearing was held before a magistrate judge.[3] The only witness to testify at the suppression hearing was Iowa State Trooper Robert Borelli, the officer who conducted the vehicle search. Based upon the evidence presented, the magistrate judge issued a report and recommendation containing the following findings of fact. See id. at 1-2 (Mar. 26, 1999) (report and recommendation).

On October 22, 1997, during his 9:00 p.m. to 6:00 a.m. shift, Trooper Borelli was on routine patrol when he was called to investigate a report of traffic violations. He observed a vehicle, which was being driven by Landfair, speeding and making an improper lane change. Trooper Borelli pulled Landfair over, and, as he approached Landfair's vehicle, he smelled an odor of marijuana emanating from the passenger compartment of the automobile. After Landfair exited the vehicle, Trooper Borelli commented that he smelled of marijuana, and Landfair admitted that he had been smoking marijuana in the vehicle earlier that night. Because Landfair did not have a driver's license, Trooper Borelli told him that either he could leave the vehicle and have a friend retrieve it or Trooper Borelli could have it towed. Trooper Borelli subsequently searched the front passenger compartment and found a package

---

[3]The Honorable John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa.

containing approximately 131 grams of cocaine base. Trooper Borelli had not observed the package earlier during the traffic stop.

The magistrate judge concluded that Trooper Borelli had probable cause to search Landfair's vehicle based upon the smell of marijuana emanating from the passenger compartment, notwithstanding Landfair's argument that Trooper Borelli had unlawfully searched the vehicle based upon his issuance of traffic citations. See id. at 2. The magistrate judge recommended that Landfair's motion to suppress be denied. See id. at 3.

Landfair filed objections to the magistrate judge's report and recommendation. The district court[4] systematically rejected each of Landfair's objections, providing detailed reasons based upon the evidence in the record. See id. at 3-6 (Apr. 19, 1999) (district court order). The district court concluded that, "under the totality of the circumstances, probable cause existed to search the automobile defendant Landfair was driving." See id. at 6. Accordingly, the district court accepted the magistrate judge's recommendation and denied Landfair's motion to suppress. See id. This appeal followed.

We have carefully reviewed the parties' arguments and the record on appeal, including the transcript of the suppression hearing, and determine that Landfair's arguments are without merit. The district court did not clearly err in finding that Trooper Borelli had probable cause to search the vehicle based upon the totality of the circumstances, which included the odor of marijuana coming from the interior of the automobile, the smell of marijuana on Landfair himself, and Landfair's own admission that he had earlier been smoking marijuana in the automobile. See, e.g., United States

---

[4]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa. (Judge Bennett became the Chief Judge of the United States District Court for the Northern District of Iowa on January 1, 2000).

v. Caves, 890 F.2d 87, 89 (8th Cir. 1989) ("The Supreme Court has recognized that the odor of an illegal drug can be highly probative in establishing probable cause for a search.") (citing Johnson v. United States, 333 U.S. 10, 13 (1948)). Moreover, Trooper Borelli searched the vehicle based upon a determination of probable cause, not as an incident to his issuance of traffic citations. See transcript of suppression hearing at 11 (Mar. 25, 1999). Therefore, contrary to Landfair's argument on appeal, Knowles v. Iowa, 525 U.S. 113 (1998), does not apply.

We hold that the district court did not err in denying Landfair's motion to suppress. The judgment of the district court is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.