COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


WESTLEY LEE HAYES

MEMORANDUM OPINION* BY
v.   Record No. 1210-99-3     JUDGE JERE M. H. WILLIS, JR.
APRIL 18, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James F. Ingram, Judge

S. Jane Chittom, Appellate Counsel (Elwood
Earl Sanders, Jr.; Public Defender
Commission, on briefs), for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


On appeal from his conviction of possession of a firearm

while in possession of cocaine, in violation of Code

§ 18.2-308.4; possession of cocaine with the intent to

distribute, in violation of Code § 18.2-248; possession of a

firearm by a previously convicted felon, in violation of Code

§ 18.2-308.2; and carrying a concealed weapon, in violation of

Code § 18.2-308, Westley Lee Hayes contends that the trial court

erred in denying his motion to suppress. We affirm the judgment

of the trial court.

_____

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

In reviewing a trial court's denial of a motion to suppress, "[t]he burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error." "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve questions of both law and fact and are reviewed de novo on appeal. In performing such analysis, we are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them . . . . We analyze a trial [court's] determination whether the Fourth Amendment was implicated by applying de novo our own legal analysis of whether based on those facts a seizure occurred.

McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (citations omitted).

On October 31, 1998, Danville Police Officer David Austin was ordered to investigate neighbor complaints about drug sales occurring on Short Street. When he arrived at the address, he saw a large group of people standing in the yard of Hayes' sister's home. As Officer Austin exited his police cruiser, the group began dispersing. Officer Austin, noticing Hayes pouring something out of a bottle, walked up to Hayes to get a closer look.

Officer Austin asked Hayes to "hold up," and then asked what was in the bottle. Hayes admitted it was beer, handed the bottle to Officer Austin, and then "turned to the side and put his hands up under the front of his coat . . . with his back slightly turned to [the officer]." Officer Austin asked Hayes

-

to remove his hands from his coat.  When Hayes did not, Officer Austin asked whether Hayes was carrying a gun or other weapon.

Hayes lifted the front of his coat toward Officer Austin, exposing a gun tucked into the front waistband of his pants. When Hayes admitted that he did not have a concealed weapon permit, Officer Austin placed him under arrest for carrying a concealed weapon and for possession of an open alcohol container.  Officer Austin handcuffed Hayes and searched him, finding fifty-one rocks of crack cocaine in Hayes' socks.

The trial court denied Hayes' motion to suppress the evidence found on his person and convicted him of possession of a firearm while possessing cocaine, in violation of Code § 18.2-308.4, possession of cocaine with the intent to distribute, in violation of Code § 18.2-248, possession of a firearm by a previously convicted felon, in violation of Code § 18.2-308.2, and carrying a concealed weapon, in violation of Code § 18.2-308.

Hayes contends that his motion to suppress should have been granted, because the evidence was discovered as the result of an unlawful seizure of his person.

Hayes relies on Knowles v. Iowa, 525 U.S. 113 (1998).  In Knowles, the United States Supreme Court reversed a conviction based upon evidence seized during a traffic stop.  The state defended the search as a reasonable "search incident to a summons," equating it to a search incident to arrest.  The

-

Supreme Court held that a non-custodial arrest, wherein the accused is released on a summons, does not justify an incidental search as an exception to the Fourth Amendment warrant requirement.  See Knowles, 525 U.S. at 118-19.  Hayes argues that drinking in public is a Class 4 misdemeanor, not supporting an incidental search.  Hayes, however, misstates the chronology of events.

Officer Austin arrested Hayes after seeing his concealed weapon.  If that arrest was lawful, the subsequent search, in which Officer Austin found the cocaine, was a search incident to a custodial arrest, an exception to the warrant requirement. See United States v. Robinson, 414 U.S. 218, 235-36 (1973); Hayes v. Commonwealth, 29 Va. App. 647, 656, 514 S.E.2d 357, 361 (1999).  Thus, the issue in this case is whether Officer Austin's initial encounter with Hayes was consensual, rather than an unlawful seizure.

The trial court ruled:

> I think the fact that the officer saw the
> defendant pouring something from a bottle in
> the front yard, he walked over to him, the
> defendant told him it was a beer and that he
> was pouring it out.  He handed the bottle to
> the officer and then the defendant reached
> up and pulled his coat up.  The Officer saw
> the weapon and then he was, thereafter,
> arrested for having an open bottle and
> carrying a concealed weapon.  He was then
> searched and that's when the drugs were
> found on him.  I don't think there's a
> Fourth Amendment violation here.  The Motion
> to Suppress will be overruled.

-

"Whether a seizure occurs must be determined by evaluating the facts of each case to determine whether the manner in which the police identified the individual as a suspect conveys to the person that he or she is a suspect and is not free to leave." McGee, 25 Va. App. at 200-01, 487 S.E.2d at 262-63. The seizure in McGee and in similar cases occurred not merely because the police approached a citizen, but rather because the police informed the citizen specifically that he was under suspicion of criminal activity, thus giving rise to a reasonable apprehension of restraint. See McGee, 25 Va. App. at 201, 487 S.E.2d at 263. At no time until Hayes voluntarily exposed the gun did Officer Austin tell Hayes that he was suspected of illegal activity.

Hayes relies upon Parker v. Commonwealth, 255 Va. 96, 496 S.E.2d 47 (1998). In Parker, a police cruiser followed Parker as he attempted to walk away from a suspicious activity. The cruiser followed him into a housing project, where an officer, in uniform and with weapons clearly visible, detained him. The Virginia Supreme Court held that such a display of authority clearly constituted a restraint of liberty. See id. at 103, 496 S.E.2d at 51.

Parker and McGee are distinguishable from this case. Officer Austin's display of authority more resembles the officer's conduct in Baldwin v. Commonwealth, 243 Va. 191, 413 S.E.2d 645 (1992). Officer Austin parked his vehicle on the street, exited the vehicle, and walked into the open yard to

-

speak with Hayes.  Officer Austin did not curtail Hayes' liberty until Hayes voluntarily revealed the weapon.  At that point, Officer Austin lawfully placed Hayes under arrest.  Only incident to that arrest did Officer Austin search Hayes and discover the cocaine.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

-

Benton, J., dissenting.

The evidence proved that the police officer saw several people in the front yard of a private residence. When the officer walked onto the yard, he saw Westley Lee Hayes holding a bottle. As the officer approached, Hayes began pouring liquid from the bottle and walked away from the officer. The officer told Hayes to "hold up," walked next to Hayes, and asked Hayes what he was pouring. When Hayes responded "beer," the officer asked for the bottle.

These facts prove a seizure because they establish that "a reasonable person would have believed he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980). When the officer went onto the private property, told Hayes to "hold up" as Hayes walked away from him, and then asked Hayes for the beer bottle, the officer was acting under his badge of authority to effect a detention for what he perceived to be a violation of the law. See Parker v. Commonwealth, 255 Va. 96, 103, 496 S.E.2d 47, 51 (1998) (holding that a police officer, who drives onto private property to pursue an individual and then encounters that person, has exercised his authority to restrain the liberty of that individual). As the Supreme Court noted in Parker, its decision in "Baldwin [v. Commonwealth, 243 Va. 191, 195, 413 S.E.2d 645, 647 (1992),] is readily distinguishable [from these circumstances] and is limited to its unique facts." Parker, 255 Va. at 103, 496 S.E.2d at 51. Significantly, the

-

facts in Baldwin did not establish that Baldwin was walking away to avoid the officer when the officer called to him. See 243 Va. at 194, 413 S.E.2d at 647. The evidence proved that Baldwin was going toward a residence when the officer entered the parking lot. Id. at 194, 413 S.E.2d at 646.

The seizure was unlawful because the officer had no reasonable basis to detain Hayes. The officer wrongfully believed that Hayes was violating a local ordinance, which only prohibited "possession of an opened alcoholic beverage container in any public park, playground, or street." City of Danville, Ordinance No. 98-11.15 (or City of Danville Code § 23-12.1). Hayes was in the yard of a private residence; therefore, his conduct did not violate the ordinance. An officer's detention of an individual based on a mistaken view that he or she has witnessed a violation of law is not objectively reasonable and, therefore, is unlawful. See United States v. Lopez-Valdez, 178 F.3d 282, 288-89 (5th Cir. 1999) (holding that an officer's detention of the accused for what the officer mistakenly believed was a violation of the Code was unreasonable).

Because the detention was unlawful, the cocaine that the officer discovered should have been suppressed. See McGee v. Commonwealth, 25 Va. App. 193, 203-04, 487 S.E.2d 259, 264 (1997) (en banc). For these reasons, I would hold that the trial judge erred in failing to suppress the evidence. I dissent.

-