Sue CORBIN, Plaintiff—Appellant,

v.

COUNTY OF ORANGE; et al., Defendants—Appellees.

No. 02–55624.

D.C. No. CV–01–00477–RSWL (SH).

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Corbin's request for oral argument.

**370**

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM**

Sue Corbin appeals pro se the district court's judgment dismissing with prejudice her action under 42 U.S.C. § 1983 for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir.2001). We reverse and remand.

Corbin alleged that Orange County deputy sheriffs violated her Fourth Amendment rights when they stopped Corbin and her elderly mother even though Corbin committed no traffic infraction, and then searched bags and packages in Corbin's locked hatchback after Corbin said her license was in her wallet under the driver's seat. These allegations are sufficient to state a claim. *See United States v. Colin*, 314 F.3d 439, 442 (9th Cir.2002) (traffic stop must be based on "reasonable suspicion" that traffic violation has occurred); *Knowles v. Iowa*, 525 U.S. 113, 117–18, 119

S.Ct. 484, 142 L.Ed.2d 492 (1998) (traffic citation cannot be the basis of full search of car).

Corbin has also stated a claim for violation of the Equal Protection Clause of the Fourteenth Amendment by alleging that the deputy sheriffs violated her rights because of her gender. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir.2002) (rejecting heightened pleading standard for constitutional torts involving allegation of improper motive).

In light of the foregoing, Corbin's allegations that the County and the Sheriff's Department failed to train the deputy sheriffs properly are also sufficient to state a claim. *See In re Estate of Amos v. City of Page, Arizona*, 257 F.3d 1086, 1094 (9th Cir.2001).

We do not consider Corbin's allegations of age discrimination or her contention that the statute governing *in forma pauperis* proceedings is unconstitutional because Corbin did not raise these issues in district court. *See Crawford v. Lungren*, 96 F.3d 380, 389 n. 6 (9th Cir.1996).

We grant Corbin's motions for extensions of time to respond to the screening letter and her request that the district court record be incorporated into the record on appeal.

**REVERSED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.