# KNOWLES *v.* IOWA

No. 97–7597.   Argued November 3, 1998—Decided December 8, 1998

*Paul Rosenberg* argued the cause for petitioner. With him on the briefs was *Maria Ruhtenberg.*

*Bridget A. Chambers*, Assistant Attorney General of Iowa, argued the cause for respondent. With her on the brief were *Thomas J. Miller*, Attorney General, and *Elizabeth M. Osenbaugh*, Solicitor General.*

CHIEF JUSTICE REHNQUIST delivered the opinion of the Court.

An Iowa police officer stopped petitioner Knowles for speeding, but issued him a citation rather than arresting him. The question presented is whether such a procedure authorizes the officer, consistently with the Fourth Amendment, to conduct a full search of the car. We answer this question "no."

Knowles was stopped in Newton, Iowa, after having been clocked driving 43 miles per hour on a road where the speed limit was 25 miles per hour. The police officer issued a citation to Knowles, although under Iowa law he might have arrested him. The officer then conducted a full search of the car, and under the driver's seat he found a bag of marijuana and a "pot pipe." Knowles was then arrested and charged with violation of state laws dealing with controlled substances.

Before trial, Knowles moved to suppress the evidence so obtained. He argued that the search could not be sustained under the "search incident to arrest" exception recognized in *United States* v. *Robinson*, 414 U. S. 218 (1973), because he had not been placed under arrest. . At the hearing on the motion to suppress, the police officer conceded that he had

---

*James J. Tomkovicz, Steven R. Shapiro, Susan N. Herman,* and *Lisa B. Kemler* filed a brief for the American Civil Liberties Union et al. as *amici curiae* urging reversal.

*Stephen R. McSpadden* filed a brief for the National Association of Police Organizations, Inc., as *amicus curiae* urging affirmance.

neither Knowles' consent nor probable cause to conduct the search. He relied on Iowa law dealing with such searches.

Iowa Code Ann. § 321.485(1)(a) (West 1997) provides that Iowa peace officers having cause to believe that a person has violated any traffic or motor vehicle equipment law may arrest the person and immediately take the person before a magistrate. Iowa law also authorizes the far more usual practice of issuing a citation in lieu of arrest or in lieu of continued custody after an initial arrest.[1] See Iowa Code Ann. § 805.1(1) (West Supp. 1997). Section 805.1(4) provides that the issuance of a citation in lieu of an arrest "does not affect the officer's authority to conduct an otherwise lawful search." The Iowa Supreme Court has interpreted this provision as providing authority to officers to conduct a full-blown search of an automobile and driver in those cases where police elect not to make a custodial arrest and instead issue a citation—that is, a search incident to citation. See *State* v. *Meyer*, 543 N. W. 2d 876, 879 (1996); *State* v. *Becker*, 458 N. W. 2d 604, 607 (1990).

Based on this authority, the trial court denied the motion to suppress and found Knowles guilty. The Supreme Court of Iowa, sitting en banc, affirmed by a divided vote. 569 N. W. 2d 601 (1997). Relying on its earlier opinion in *State* v. *Doran*, 563 N. W. 2d 620 (1997), the Iowa Supreme Court upheld the constitutionality of the search under a bright-line "search incident to citation" exception to the Fourth Amendment's warrant requirement, reasoning that so long as the

---

[1] Iowa law permits the issuance of a citation in lieu of arrest for most offenses for which an accused person would be "eligible for bail." See Iowa Code Ann. § 805.1(1) (West Supp. 1997). In addition to traffic and motor vehicle equipment violations, this would permit the issuance of a citation in lieu of arrest for such serious felonies as second-degree burglary, § 713.5 (West Supp. 1997), and first-degree theft, § 714.2(1) (West 1993), both bailable offenses under Iowa law. See § 811.1 (West Supp. 1997) (listing all nonbailable offenses). The practice in Iowa of permitting citation in lieu of arrest is consistent with law reform efforts. See 3 W. LaFave, Search and Seizure § 5.2(h), p. 99, and n. 151 (3d ed. 1996).

arresting officer had probable cause to make a custodial arrest, there need not in fact have been a custodial arrest. We granted certiorari, 523 U. S. 1019 (1998), and we now reverse.

The State contends that Knowles has challenged Iowa Code's § 805.1(4) only "on its face" and not "as applied," in which case, the argument continues, his challenge would run afoul of *Sibron* v. *New York*, 392 U. S. 40 (1968). But in his motion to suppress, Knowles argued that "[b]ecause the officer had no probable cause and no search warrant, and the search cannot otherwise be justified under the Fourth Amendment, the search of the car was unconstitutional." App. 7. Knowles did not argue below, and does not argue here, that the statute could never be lawfully applied. The question we therefore address is whether the search at issue, authorized as it was by state law, nonetheless violates the Fourth Amendment.[2]

In *Robinson, supra,* we noted the two historical rationales for the "search incident to arrest" exception: (1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at trial. 414 U. S., at 234. See also *United States* v. *Edwards,* 415 U. S. 800, 802–803 (1974); *Chimel* v. *California,* 395 U. S. 752, 762–763 (1969); *Preston* v. *United States,* 376 U. S. 364, 367 (1964);

---

[2] Iowa also contends that Knowles' challenge is precluded because he failed to seek review of a separate decision of the Iowa Supreme Court, which affirmed his conviction for possession of drug paraphernalia in violation of a city ordinance. That decision, Iowa argues, resulted from the same search at issue here, rejected the same Fourth Amendment challenge Knowles now makes, and, under principles of res judicata, bars his present challenge. Even if Knowles' failure to seek certiorari review of this decision could preclude his present challenge, Iowa waived this argument by failing to raise it in its brief in opposition to the petition for certiorari. See this Court's Rule 15.2; *Oklahoma City* v. *Tuttle,* 471 U. S. 808, 816 (1985) ("Nonjurisdictional defects of this sort should be brought to our attention *no later* than in respondent's brief in opposition to the petition for certiorari; if not, we consider it within our discretion to deem the defect waived").

*Agnello* v. *United States,* 269 U. S. 20, 30 (1925); *Weeks* v. *United States,* 232 U. S. 383, 392 (1914). But neither of these underlying rationales for the search incident to arrest exception is sufficient to justify the search in the present case.

We have recognized that the first rationale—officer safety—is "'both legitimate and weighty,'" *Maryland* v. *Wilson,* 519 U. S. 408, 412 (1997) (quoting *Pennsylvania* v. *Mimms,* 434 U. S. 106, 110 (1977) *(per curiam)*). The threat to officer safety from issuing a traffic citation, however, is a good deal less than in the case of a custodial arrest. In *Robinson,* we stated that a custodial arrest involves "danger to an officer" because of "the extended exposure which follows the taking of a suspect into custody and transporting him to the police station." 414 U. S., at 234–235. We recognized that "[t]he danger to the police officer flows from the fact of the arrest, and its attendant proximity, stress, and uncertainty, and not from the grounds for arrest." *Id.,* at 234, n. 5. A routine traffic stop, on the other hand, is a relatively brief encounter and "is more analogous to a so-called 'Terry stop' . . . than to a formal arrest." *Berkemer* v. *McCarty,* 468 U. S. 420, 439 (1984). See also *Cupp* v. *Murphy,* 412 U. S. 291, 296 (1973) ("Where there is no formal arrest . . . a person might well be less hostile to the police and less likely to take conspicuous, immediate steps to destroy incriminating evidence").

This is not to say that the concern for officer safety is absent in the case of a routine traffic stop. It plainly is not. See *Mimms, supra,* at 110; *Wilson, supra,* at 413–414. But while the concern for officer safety in this context may justify the "minimal" additional intrusion of ordering a driver and passengers out of the car, it does not by itself justify the often considerably greater intrusion attending a full field-type search. Even without the search authority Iowa urges, officers have other, independent bases to search for weapons and protect themselves from danger. For example, they

may order out of a vehicle both the driver, *Mimms, supra,* at 111, and any passengers, *Wilson, supra,* at 414; perform a "patdown" of a driver and any passengers upon reasonable suspicion that they may be armed and dangerous, *Terry* v. *Ohio,* 392 U. S. 1 (1968); conduct a *"Terry* patdown" of the passenger compartment of a vehicle upon reasonable suspicion that an occupant is dangerous and may gain immediate control of a weapon, *Michigan* v. *Long,* 463 U. S. 1032, 1049 (1983); and even conduct a full search of the passenger compartment, including any containers therein, pursuant to a custodial arrest, *New York* v. *Belton,* 453 U. S. 454, 460 (1981).

Nor has Iowa shown the second justification for the authority to search incident to arrest—the need to discover and preserve evidence.   Once Knowles was stopped for speeding and issued a citation, all the evidence necessary to prosecute that offense had been obtained.   No further evidence of excessive speed was going to be found either on the person of the offender or in the passenger compartment of the car.

Iowa nevertheless argues that a "search incident to citation" is justified because a suspect who is subject to a routine traffic stop may attempt to hide or destroy evidence related to his identity (*e. g.,* a driver's license or vehicle registration), or destroy evidence of another, as yet undetected crime.   As for the destruction of evidence relating to identity, if a police officer is not satisfied with the identification furnished by the driver, this may be a basis for arresting him rather than merely issuing a citation.   As for destroying evidence of other crimes, the possibility that an officer would stumble onto evidence wholly unrelated to the speeding offense seems remote.

In *Robinson,* we held that the authority to conduct a full field search as incident to an arrest was a "bright-line rule," which was based on the concern for officer safety and destruction or loss of evidence, but which did not depend in every case upon the existence of either concern.   Here we

are asked to extend that "bright-line rule" to a situation where the concern for officer safety is not present to the same extent and the concern for destruction or loss of evidence is not present at all. We decline to do so. The judgment of the Supreme Court of Iowa is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*