**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ruel Antonio WALLACE, aka Patrick R. Nelson, aka Raul Wallace, Defendant—Appellant.**

No. 01–50322.
D.C. No. CR–99–01243–NAJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2002.

Submission Vacated April 11, 2002.

Resubmitted and Decided July 29, 2002.

---

**13.** *United States v. Buckland,* 277 F.3d 1173 at Part IV.B. (9th Cir.2002) (en banc).

**14.** *Id.*

Before HAWKINS and FISHER, Circuit Judges, and WEINER,* District Judge.

## MEMORANDUM **

■ Defendant–Appellant Ruel Antonio Wallace ("Wallace") contends a pat down search violated his Fourth Amendment rights and invalidated his subsequent consent to search his vehicle. The Fourth Amendment, however, permits an officer to pat down a driver ordered out of his car after a lawful traffic stop if the officer has reasonable suspicion that the individual may be armed and dangerous. *Knowles v. Iowa*, 525 U.S. 113, 118, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998).[1] Here, the suspect lacked identification and the officer knew that the driver was a narcotics suspect because a DEA unit had asked him to make the stop. Although the officer did not know the specifics of the investigation, he testified he did know from prior experience that narcotics suspects are often armed. On this combination of facts, the district court correctly concluded that the officer had reasonable suspicion that the suspect was dangerous and a protective pat down was proper. *See United States v. Thompson*, 597 F.2d 187, 190 (9th Cir. 1979); *United States v. $109,179 in United States Currency*, 228 F.3d 1080, 1086 (9th Cir.2000).

■ The district court did not clearly err in determining that Wallace's consent to search his vehicle was voluntary. The facts of this case are nearly identical to

---

* The Honorable Charles R. Weiner, Senior United States District Judge from the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. A prior panel held that the initial traffic stop was lawful. *United States v. Wallace*, 213 F.3d 1216 (9th Cir.2000).

those of *United States v. Cannon,* 29 F.3d 472 (9th Cir.1994), in which we upheld the voluntariness of a search following a traffic stop and protective pat down. *Id.* at 477. As in *Cannon,* here the officers did not draw their guns, use handcuffs, or exert any type of force on Wallace. Although Wallace argues that the situation was more coercive than *Cannon* because multiple armed officers were present at his traffic stop, we have not found this to be a significant difference so long as the officers did not make use of their weapons in a coercive fashion. *See, e.g., United States v. Morning,* 64 F.3d 531, 533 (9th Cir.1995) (upholding voluntariness despite presence of two armed officers, in light of fact that "the officers did not unholster their guns"); *United States v. Kim,* 25 F.3d 1426, 1432 (9th Cir.1994) (upholding voluntariness finding in view of fact that two officers had their "guns holstered and concealed").

Finally, Wallace's arguments based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), have been considered and rejected by this court. *United States v. Buckland,* 277 F.3d 1173 (9th Cir.2002) (en banc) (upholding constitutionality of 21 U.S.C. § 841); *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002) (*Apprendi* did not change mens rea requirement as to type and amount of controlled substance under 21 U.S.C. §§ 841 and 960).

AFFIRMED.