UNITED STATES OF AMERICA,
Plaintiff–Appellee,

v.

Larry James AMES, Defendant–
Appellant.

No. 03–2315.

United States Court of Appeals,
Seventh Circuit.

Argued March 3, 2004.

March 26, 2004.

Decided March 29, 2004.

See also, 2003 WL 1903373.

Gayle Helart, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

William E. Marsh, Indiana Federal Community Defenders, Inc., Indianapolis, IN, for Defendant–Appellant.

Before Hon. RICHARD A. POSNER, Hon. ILANA DIAMOND ROVNER, and Hon. TERENCE T. EVANS, Circuit Judges.

## ORDER

In July 2001 detectives from the Vincennes, Indiana, police department wanted to talk to Larry James Ames about a missing person's case. Ames, who had told the Coles County, Illinois, sheriff's department that he would use his .44 magnum to shoot any officer who tried to arrest him, was also a convicted felon with a warrant out for his arrest in Illinois. On top of this, the detectives knew that Ames was not licensed to drive, and as luck would have it they found him driving a Ford Bronco, which they stopped. Ames was immediately arrested for driving without a license, a Class C misdemeanor under Indiana law, see Ind.Code § 9–24–18–1. The detectives handcuffed Ames and placed him in the back of a squad car, and another officer who arrived on the scene searched the Bronco and found a gun and ammunition. Ames challenged the search on the theory that the officers could not perform a valid search incident to arrest because they had no power under Indiana law to arrest him for driving without a license. The court rejected his argument, and Ames ultimately entered conditional guilty pleas to two counts of possession of a firearm by a felon, see 18 U.S.C.

§ 922(g)(1), reserving his right to challenge the denial of his motion to suppress.

Ames contends on appeal that Indiana law does not authorize custodial arrests for minor traffic violations such as driving without a license. And he reasons that an officer who exceeds his authority under state law by making an unauthorized custodial arrest cannot then conduct a valid search incident to that arrest. But Ames's argument can't get off the ground because his premise—that the Indiana detectives exceeded their authority—is wrong. Ames recognizes that one section of the Indiana Code authorizes an officer to arrest a person who commits a misdemeanor in the officer's presence. Ind.Code § 35–33–1–1(A)(4). He argues, however, that another more specific section of the code limits this authority in cases of minor traffic violations. He relies on section 9–30–2–5 of the code, which specifically directs an officer, under certain conditions, to release a person who has committed a minor traffic violation. The statute says:

> (a) If a person who is an Indiana resident:
>
> (1) is arrested for a misdemeanor regulating the use and operation of motor vehicles, other than the misdemeanor of operating a vehicle while intoxicated; and
>
> (2) is not immediately taken to court as provided in section 4 of this chapter; the person shall be released from custody by the arresting officer upon signing a written promise to appear in the proper court at a time and date indicated on the promise. The resident shall be given a copy of the promise.

Ind.Code § 9–30–2–5. The code gives similar directions for dealing with a nonresident. Despite the fact that section 35–33–1–1 describes an *arrest* and then a release under certain conditions, Ames argues that the statute does not really contemplate a full custodial arrest that can support an incidental search. He proposes instead that the statute really contemplates only a brief "stop" or detention.

Ames has highlighted a possible distinction under Indiana law. If an officer merely detains someone to issue a citation and opts not to make a full custodial arrest, the officer cannot perform a valid search incident to arrest. *See Knowles v. Iowa,* 525 U.S. 113, 114, 118, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998) (even for offenses that could justify a full arrest, an officer's choice not to arrest dispels the need to conduct a search incident to arrest). But Ames's argument that section 35–33–1–1 contemplates no more than a brief detention is not only based on a strained reading of the statute, it is also inconsistent with case law from Indiana's highest court. Also, two cases from Indiana's highest court say that Indiana officers have the authority to make custodial arrests for minor traffic violations. *See Frasier v. State,* 262 Ind. 59, 312 N.E.2d 77, 80 (1974); *Paxton v. State,* 255 Ind. 264, 263 N.E.2d 636, 638–39 (1970). So the plain meaning of the statute as well as cases from the state's highest court support the district court's view that Indiana officers have the power to make custodial arrests for misdemeanor traffic violations. The officers may be required to promptly release a person under certain conditions, but in this case the detectives found evidence of a more serious crime and kept Ames in custody. Ames's arrest was not unlawful under Indiana law. This conclusion means we don't have to consider whether his arrest and search would be valid under the federal Constitution without regard to the necessity of Indiana law.

The judgment of the district court is AFFIRMED.