**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Lee JOHNSON, Defendant–Appellant.**

No. 04–2732.

United States Court of Appeals, Seventh Circuit.

Argued March 2, 2005.

Decided March 8, 2005.

Matthew P. Brookman, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

David J. Scacchetti, Scacchetti & Scacchetti, Cincinnati, OH, for Defendant–Appellant.

Before HBAUER, EASTERBROOK, and SYKES, Circuit Judges.

### ORDER

Robert Johnson was convicted after a jury trial of possession with intent to distribute in excess of 500 grams of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II), and sentenced to 130 months' imprisonment and 4 years' supervised release. On appeal Johnson challenges the district court's denial of his motion to suppress evidence obtained during a traffic stop where a dog alerted to the presence of drugs, arguing that his consent to allow the dog to walk around his van was involuntary.

A recent Supreme Court case makes it irrelevant whether Johnson's consent for the dog sniff was voluntary. *See Illinois v. Caballes,* —— U.S. ——, 125 S.Ct. 834, 838, 160 L.Ed.2d 842 (2005) (holding that no legitimate privacy interest is implicated by allowing a drug-detection dog to sniff the exterior of a vehicle during a lawful traffic stop). The trooper at the scene had not finished writing the warning ticket when the officer walked the dog around Johnson's van, so Johnson's consent was irrelevant. *Cf. Knowles v. Iowa,* 525 U.S. 113, 117–118, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998). At argument, Johnson could not distinguish his case from *Caballes,* and neither can we.

AFFIRMED.