R. GUY COLE, Jr., Circuit Judge, dissenting.
Because I believe that Williams was searched in violation of the Fourth Amendment without having been arrested, I respectfully dissent.
I.
As this Court has previously held, “the search-incident-to-a-lawful-arrest rule also *407 permits an officer to conduct a full search of an arrestee’s person before he is placed under lawful custodial arrest as long as ‘the formal arrest follows quickly on the heels of the challenged search of ... [his person]’ and the fruits of that search are not necessary to sustain probable cause to arrest him.” United States v. Montgomery, 377 F.3d 582, 586 (6th Cir.2004) (citing Rawlings v. Kentucky, 448 U.S. 98, 110-11 n. 6, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980)) (emphasis added). In this case, probable cause to arrest Williams did not exist until the police found the contraband.
The majority’s reliance on Rawlings, for the proposition that the search incident to arrest exception to the warrant requirement is met “where the formal arrest follow[s] quickly on the heels of the challenged search of petitioner’s person,” Rawlings, 448 U.S. at 111, 100 S.Ct. 2556, is misplaced. In Rawlings, the police, after obtaining a search warrant for the premises in which the defendant was located, read the defendant and his companion their rights under Miranda. Id. at 100, 100 S.Ct. 2556. After the defendant received his Miranda warning, the police asked his companion to empty her purse. Id. at 101, 100 S.Ct. 2556. The defendant claimed ownership of contraband located in his companion’s purse. Id. It was only after the defendant admitted to possessing contraband, thereby creating probable cause to arrest him, that the police searched him. Id. Finally, after searching the defendant, the police formally arrested him. Id. The rationale behind the Rawlings decision is that, once the defendant admitted to possession of the contraband in his companion’s purse, “the police clearly had probable cause to place petitioner under arrest.” Id. at 111, 100 S.Ct. 2556 Therefore, the Court concluded, because “the formal arrest followed quickly on the heels of the challenged search,” the challenged search was permissible. Id.
Under the majority’s reading of Rawlings, any time a police officer effectuated a warrantless search, found contraband, and then formally arrested the searched person “on the heels” of the search, the search would be proper and the evidence admissible. Such a reading would eviscerate the Fourth Amendment. The key in Rawlings is that the police had probable cause to arrest the defendant before they searched him. If they had done so, the search would have been incident to an arrest and proper. The Supreme Court was merely extending the search-incident exception to the warrant requirement to cases where the police had probable cause to arrest and merely searched the defendant before formalizing the arrest.
In the case before us, the police did not have probable cause to arrest Williams before they found the ammunition. As the majority acknowledges, it was only after the police found the ammunition that the police took most of the steps which could be considered to be an arrest.
II.
In federal prosecutions, we look to federal constitutional law to determine whether an arrest occurred. United States v. Wright, 16 F.3d 1429, 1437 (6th Cir.1994). Therefore, “the appropriate inquiry for a federal court considering a motion to suppress evidence seized by state police officers is whether the arrest, search, or seizure violated the Fourth Amendment.” Id.
Federal law in this circuit is clear in that it allows police officers to detain someone in the back of a cruiser without that detention becoming an arrest. See Bennett v. City of Eastpointe, 410 F.3d 810, 837-38 (6th Cir.2005) (placing a handcuffed detainee into the back of a police cruiser does not turn detention into arrest); United *408 States v. Bradshaw, 102 F.3d 204, 211-12 (6th Cir.1996) (“Detention in a police car does not automatically constitute an arrest. ... [A] motorist [cannot] be lawfully detained in a police car once the purposes of the initial traffic stop were completed.” (citations omitted)). See also Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) (detention is different than arrest); Muehler v. Mena, 544 U.S. 93, 125 S.Ct. 1465 (2005) (in holding that a detention incident to a lawful search is permissible, Court found that a handcuffed woman was not arrested during a search pursuant to a warrant, but was merely reasonably detained).
In Bradshaw, the police officers detained the defendant in the back of their cruiser during a routine traffic stop. Bradshaw, 102 F.3d at 211. So long as the detention did not exceed “the purpose and objective of the stop,” id. at 212, the officers could lawfully detain the defendant. Id. at 211. While detaining Bradshaw, the officers discovered a handgun and marijuana in plain view in Bradshaw’s car. Id. This Court determined that the detention did not amount to an arrest, but because the contraband was in plain view, the search was permissible. Id. at 212.
For purposes of federal constitutional law, Williams was detained incident to a lawful traffic stop. The police stated that they stopped Williams’s vehicle because it generally matched the description of an automobile that had been reported stolen and that they observed Williams “disregard” a stop sign. The purpose and objective of the stop was first, to determine if the vehicle was the one reported stolen, which could be done without a search, and, second, to issue a citation for a moving violation. In fact, the only course of punitive action the police took was to issue Williams a citation and let him go. When Williams was handcuffed and placed in the cruiser, it was concurrent with the purpose of the stop. The police did not have probable cause to arrest Williams at that time nor did the actions they took constitute an arrest. Because Williams was not arrested, the police exceeded their authority when they searched Williams’s car and the fruits of that unconstitutional search should be suppressed.
This was not a search incident to a lawful arrest because Williams was never arrested. It was a search incident to a detention. See Thornton v. United States, 541 U.S. 615, 621, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004) (Consistent with the Fourth Amendment, “[a]n officer may search a suspect’s vehicle ... only if the suspect is arrested.”).
As the majority correctly states, the totality of the circumstances determines whether a person is arrested, including whether the detainee is transported to another location, whether there were significant restraints on the freedom of movement of the detainee, whether weapons or bodily force were used, and whether Miranda warnings were issued. (Maj Op. 5 (citing United States v. Lopez-Arias, 344 F.3d 623, 627-28 (6th Cir.2003))). In Williams’s case, he was not transported anywhere, weapons or other force were not used on him, and he was not Mirandized or interrogated until after the ammunition was found. The majority believes that this is factually similar to Lopez-Arias in which firearms were brandished by federal officers, the suspects were transported to another location, and they were Mirandized prior to questioning. I find this comparison unpersuasive.
Further, the officers issued Williams a citation and let him drive away. Therefore, Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), is applicable and controlling. In Knowles, the *409 Court refused to extend the rule allowing searches incident to lawful arrests to searches incident to citation. Id. at 118-19, 119 S.Ct. 484. Therefore, unless the search of Williams was in some other way-reasonable, the evidence seized must be suppressed.
The burden of proof as to whether a warrantless search is proper is on the government. United States v. Haynes, 301 F.3d 669, 677 (6th Cir.2002). In the instant case, although it is possible that a pat-down of Williams was permissible under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the officers did not remember if they found the ammunition on Williams’s person or in his car. As Williams was merely detained pursuant to a traffic stop, and there is no “search incident to a lawful detention” exception to the Fourth Amendment, the only way the ammunition is admissible is if it was in plain view. If the evidence was found during an actual search of the vehicle, then, because Williams was not arrested for purposes of federal law, it is not admissible. There is no evidence that the ammunition was in plain sight in the car, merely that the ammunition was either in the front of the car or on his person. Therefore, the government cannot meet its burden that the search was proper.
I would REVERSE the district court’s denial of Williams’s motion to suppress evidence.