NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 11, 2007
Decided July 3, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 06-4312

| | |
|---|---|
| DAVID C. PEREZ, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division |
| *v.* | |
| | No. 04 C 3236 |
| UNITED STATES OF AMERICA, | |
| *Respondent-Appellee*. | Elaine E. Bucklo, |
| | *Judge*. |

**O R D E R**

David Perez pleaded guilty to possessing cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 235 months' imprisonment. His conviction and sentence were affirmed on appeal. *United States v. Gonzalez*, 319 F.3d 291, 299-300 (7th Cir. 2003). Perez then filed a motion pursuant to 28 U.S.C. § 2255, arguing, among other things not at issue on appeal, that his attorneys were ineffective. The district court denied the motion but granted a certificate of appealability, and we now affirm.

# I

In March 2000 Perez was pulled over by a state trooper for driving 59 miles per hour in a 55-mile-per-hour zone. Perez consented to a search of his truck; the search revealed 130 kilograms of cocaine. Although Perez claimed that he thought the truckload contained marijuana rather than cocaine, he agreed to cooperate with the police by making controlled deliveries to the intended recipients. Following the deliveries, three individuals were arrested for their role in a conspiracy to possess the cocaine Perez had been trafficking.

Perez agreed to plead guilty and cooperate against his three co-conspirators. Consistently with that agreement, Perez testified before the grand jury, yet a few weeks before the trial of his co-defendants he stopped cooperating, filed a motion to dismiss his appointed counsel, and moved to withdraw his guilty plea. After the district court granted the motion and appointed new counsel, Perez entered into a blind plea agreement and testified at the trial of his co-conspirators. On the stand, Perez detailed his role in the conspiracy, but claimed that he could not identify his co-defendants or recall any of his statements to the grand jury.

Following the trial of Perez's co-defendants, the district court sentenced Perez to 235 months' imprisonment (the low end of the then-mandatory guidelines range) and we affirmed his conviction and sentence. *Gonzalez*, 319 F.3d at 299-300. Perez then timely filed a § 2255 motion, arguing that his trial attorneys were ineffective because they failed to move to suppress evidence and failed to inform him of his Fifth Amendment privilege against self-incrimination.

Over the course of several months the district court held three evidentiary hearings on Perez's claim of ineffective assistance of counsel. At the first hearing, Perez testified regarding his claim that trial counsel—Micky Forbes and Nathan Diamond-Falk—should have moved to suppress evidence resulting from the traffic stop. When asked if he had been speeding, Perez replied that he did not know. On cross-examination, he stated that "I don't think I was speeding" and "I'm pretty sure I was going at my speed limit." Perez also admitted that he had freely and voluntarily consented to the search of his truck. At later hearings on the matter, Perez's second attorney, Diamond-Falk, testified that he had chosen not to bring a motion to suppress because the state trooper had a legitimate basis for the stop and, in any event, Perez had consented to the search of his truck.

Perez also testified that Diamond-Falk failed to advise him that, even after pleading guilty, he still had a Fifth Amendment privilege against self-incrimination that he could invoke during his co-defendants' trial. Perez stated that, had he known of his Fifth Amendment privilege, he would have chosen to remain silent and would not have received an increased sentence for obstructing justice. On cross-examination, though, Perez acknowledged that he had been told that he would lose the benefits of his plea agreement if he chose not to testify, that the government had been prepared to grant him immunity and force him to testify, and that if he refused to testify after having been granted immunity his sentence would likely have been increased just as much.

Attorney Diamond-Falk testified that he believed that Perez had waived his Fifth Amendment privilege against self-incrimination when he pleaded guilty. On cross-examination it became clear that Diamond-Falk had been mistaken in this belief and that the blind plea did not affect Perez's privilege until Perez had been sentenced. But Diamond-Falk emphasized that, regardless of his own mistaken belief, the government already had obtained authorization to immunize Perez and force him to testify, and that he had explained this to Perez. Diamond-Falk also stated that he had counseled Perez that he was required to testify truthfully.

The district court denied Perez's § 2255 motion. It found that Perez's first attorney, Micky Forbes, had not provided ineffective assistance because she had negotiated a very favorable plea agreement from which Perez withdrew and, in any event, any motion to suppress "was not likely to be successful." The court then concluded that although Perez's second counsel, Diamond-Falk, misunderstood the Fifth Amendment privilege, the error did not amount to ineffective assistance because the government was prepared to compel Perez's testimony. Because Perez would have been forced to testify in either situation and because Diamond-Falk had advised him to do so truthfully, the court found "no reason to believe that . . . the outcome would have been any different."

**II**

On appeal Perez first argues for a remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). Perez forfeited this argument by not raising it before the district court, and so we review it for plain error only. See *United States v. Johnson*, 415 F.3d 728, 730 (7th Cir. 2005). We have held that *Booker* does not apply retroactively to criminal cases that became final before its release in January 2005. *McReynolds v.*

*United States*, 397 F.3d 479, 481 (7th Cir. 2005). Here, Perez's conviction became final in 2003, and so Perez is not entitled to a remand under any standard of review.

Perez next asserts that trial counsel violated his Sixth Amendment right to effective assistance of counsel. Ineffective-assistance claims are analyzed under the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires both that the trial counsel's performance fell below minimal professional standards and that counsel's deficient performance prejudiced the defendant. *Id.* at 687. This test is a "mixed question of law and fact reviewed *de novo*, with a strong presumption that [the] attorney performed effectively." *Bednarski v. United States*, 481 F.3d 530, 534-35 (7th Cir. 2007).

Perez first contends that both of his trial counsel were ineffective because of their failure to move to suppress evidence resulting from his traffic stop. Where a claim of ineffective assistance of counsel is based on counsel's failure to file a motion to suppress, the prejudice prong of *Strickland* requires that the defendant prove that the motion would have been granted. *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005). Failure to raise a losing argument or pursue a futile motion to suppress does not constitute ineffective assistance. See *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001); *United States v. Jackson*, 103 F.3d 561, 575 (7th Cir. 1996).

Perez provides no evidence that the motion to suppress would have been meritorious and, instead, lists a "wealth of case law" that have little to do with the facts of this case. Regardless, such a motion would surely have failed. The trooper's stop was supported by probable cause because a traffic violation had occurred: Perez exceeded the posted speed limit. See *United States v. Wendt*, 465 F.3d 814, 816 (7th Cir. 2006). The affidavit attached to Perez's § 2255 motion did not mention whether he actually had been speeding, and the court deemed his contradictory testimony on the matter "not credible – a finding that we treat with great deference. See *id.* at 816-17. And although an officer may not search a car where the only existing probable cause is that the defendant has been caught speeding, *Knowles v. Iowa*, 525 U.S. 113, 117 (1998), in this case Perez consented to the search and so the prohibition against warrantless searches does not apply, see *United States v. Johnson*, 495 F.3d 536, 541 (7th Cir. 2007). Finally, Perez's first counsel, Forbes, made the reasonable strategic decision not to pursue a motion to suppress—regardless of its underlying merit—because doing so would have undermined the plea agreement being negotiated at that time with the government. Thus, Perez cannot show that trial counsels' failure to file a motion to suppress prejudiced him or that their performance was in any way deficient.

Perez next argues that his second trial counsel, Diamond-Falk, provided ineffective assistance because he misapprehended Perez's Fifth Amendment right not to testify. See *Mitchell v. United States*, 526 U.S. 314, 325 (1999) (holding that Fifth Amendment privilege against self-incrimination is not waived by entry of guilty plea but is relinquished after sentencing is complete). Because Diamond-Falk conceded that he mistakenly had believed that Perez's blind plea waived his Fifth Amendment privilege, his poor advice constituted deficient performance. See, *e.g.*, *Julian v. Bartley*, 495 F.3d 487, 495-97 (7th Cir. 2007) (finding deficient performance where attorney failed to interpret a prior Supreme Court decision reasonably). Yet Perez must also satisfy the second prong of *Strickland* by showing that, but for Diamond-Falk's deficient performance, there is a reasonable probability that the outcome would have been different. See *id.* at 497-98.

Perez contends that, had Diamond-Falk adequately explained to him his Fifth Amendment right not to testify, he would have refused to do so and would not have received an increased sentence for obstructing justice. The government, however, had already prepared and tendered to Perez and Diamond-Falk a grant of immunity compelling Perez's testimony. Had Perez refused to testify, he would have likely received the very same increased sentence as the one he obtained for testifying falsely. And if Perez had chosen to testify under the immunity, he would have been protected only to the extent that he testified truthfully, which his counsel advised him to do. In sum, Perez cannot show that, had Diamond-Falk explained to him his Fifth Amendment privilege against self-incrimination, the outcome would have been any different. Thus, under the second prong of the *Strickland* test, Perez has not shown that he was prejudiced by Diamond-Falk's deficient performance.

Accordingly, we AFFIRM the district court's denial of Perez's § 2255 motion.