McKEOWN, Circuit Judge, joined by KOZINSKI, Chief Judge, and GRABER and WARDLAW, Circuit Judges,
concurring:
I join the majority’s opinion, but write separately to highlight the most compelling reason for concluding that a traffic citation is not an arrest for the purposes of the Sentencing Guidelines: the common understanding of the term arrest does not include being pulled over and ticketed for a traffic violation. It is a bedrock principle of statutory construction that “unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.” Perrin v. United *1045 States, 444 U.S. 37, 42, 100 S.Ct. 811, 62 L.Ed.2d 199 (1979). I am confident that an average citizen — with or without a law degree — would not believe he had been arrested if pulled over, briefly detained and issued a traffic ticket. Indeed, if a traffic citation constituted an arrest in ordinary parlance, then aspiring police officers and prison guards might have a lot more to disclose on their job applications.[1] Young drivers would need to be more concerned about getting into college,[2] and those filling out employment applications,[3] background checks,[4] visa applications,[5] and adoption papers[6] would need to employ an entirely different “truth-o-meter” than commonly understood. It seems unlikely, however, that police departments, prisons, colleges, government agencies and adoption organizations mean — or are even concerned about — speeding tickets when they ask if applicants have ever been arrested. In other words, treating an ordinary traffic ticket as an arrest defies our common experience and would be a paradigmatic shift.
It is true that most traffic stops involve a brief period of detention while the officer checks the driver’s credentials and issues the ticket. But just as we would not say that an undersized fish is illegally in a fisherman’s “custody” during the brief period between being caught and thrown back into the river, we would not claim that a detained driver is in police custody while waiting to receive a ticket. As the majority points out, the Supreme Court differentiates between a traffic stop and custody. See Berkemer v. McCarty, 468 U.S. 420, 437 n. 26, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984) (“State laws governing when a motorist detained pursuant to a traffic stop may or must be issued a citation instead of taken into custody vary significantly.”) (emphasis added); Knowles v. Iowa, 525 U.S. 113, 114, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998) (“An Iowa police officer stopped petitioner Knowles for speeding, but issued him a citation rather than arresting him”) (emphasis added).
In distinguishing a traffic stop from an arrest in Berkemer, the Court relied on an ordinary “motorist’s expectations” when being pulled over, namely “that he will be obliged to spend a short period of time answering questions and waiting while the officer checks his license and registration ... but that in the end he most likely will be allowed to continue on his way.” Berkemer, 468 U.S. at 437, 104 S.Ct. 3138. *1046 The ordinary person’s expectations when being taken into police custody, on the other hand, include hearing phrases like “you’re under arrest” or “you’ll need to come to the station” and perhaps being handcuffed and spending some time in the back of a squad car, if not in jail. That brief, embarrassing moment when a driver is stopped and given a ticket for speeding or driving with a broken tail light surely is not perceived as an arrest. Accordingly, I have no trouble concluding that the average driver in the United States does not believe he’s in custody when he is pulled over and asked for his license, and the “ordinary, contemporary, common meaning” of the term arrest does not include a traffic citation.

. See San Diego Police Department, Personal History Statement, http://www.sandiego.gov/ pohce/recruiting/pdf/phs.pdf (Question 41); State of California, Department of Corrections and Rehabilitation, Correctional Officer Supplemental Application, http://www.cdcr. ca.gov/career_opportunities/por/docs/CO% 20Supplemental% 20Application% 209_20_10.pdf (Question 27).

. See Santa Fe College, Office of the Registrar Disciplinary Disclosure, http://dept.sfcollege. edu/records/contenl/docs/disciplinaryform. pdf.

. Jenna Greene, From Jail to Jobless: Background Checks Draw Scrutiny, The National Law Journal, Aug. 8, 2011, http://www.law. com/j sp/nlj/Pub ArticleNL J .j sp ? id = 12025 09696653&From_jaiLto_jobless (noting that Census Bureau required all applicants to provide arrest history and disqualified one applicant due to an arrest for a minor infraction).

. See Office of Personnel Management, Questionnaire for National Security Positions, http://www.opm.gov/forms/pdf_fill/sf86.pdf (question 22b).

. See Embassy of the Russian Federation to the United States of America, Visa Application, http://www.russianembassy.org/ Embassy_eng/Consulate/AppFormVisa_USA. pdf (question 33).

. Across the World Adoptions, Application, http://atwakids.org/atwa-application.pdf (page 3).