Read, J.
(dissenting). I would affirm the Appellate Division’s order. As an initial matter, I do not agree that Knowles v Iowa (525 US 113 [1998]) is “controlling here” (majority op at 619). Just this past spring the United States Supreme Court in Riley v California (573 US —, 134 S Ct 2473 [2014]) stated that it had refused to extend the rule of United States v Robinson (414 US 218 [1973]) in Knowles because issuance of a citation does not implicate the concerns for officer safety and destruction or loss of evidence that underlie the search incident doctrine (see Riley, 573 US at —, 134 S Ct at 2485). Under Iowa law at the time Knowles was decided, the issuance of a citation in lieu of arrest did not affect the police officer’s authority to conduct an otherwise lawful search. The Supreme Court was concerned that applying Robinson to cases involving citations rather than arrests would “untether” the search incident doctrine from its justifications (see Riley, 573 US at —, 134 S Ct at 2485).
Unlike Knowles, this case does not involve a search incident to issuance of a citation. And while the arrest here occurred after the search, as was the case in Knowles, the Supreme Court in Rawlings v Kentucky (448 US 98, 111 [1980]) indicated that “[w]here the formal arrest follow[s] quickly on the heels of the challenged search,” it is not “particularly important that the search preceded the arrest rather than vice versa.”
*621 The majority principally grounds its decision to reverse on the police officer’s subjective intent — i.e., the police officer testified at the suppression hearing that he did not intend to arrest defendant until he discovered the switchblade in defendant’s pocket. But as the Appellate Division recognized, the Supreme Court has consistently held that an arresting officer’s subjective intent, however determined, offers no basis for negating an objectively valid arrest (see 104 AD3d 58, 61-62 [1st Dept 2013], discussing Devenpeck v Alford, 543 US 146 [2004]; see also People v Robinson, 97 NY2d 341 [2001]).
The majority now makes an exception to this long-established rule, declaring that “[w]here no arrest has yet taken place, the officer must have intended to make one if the ‘search incident’ exception is to be applied” (majority op at 620). I find no basis for this exception in Supreme Court jurisprudence. Again, the majority relies on Knowles. But nothing in Knowles itself or in the Court’s subsequent discussion of Knowles in Riley suggests that Knowles came out the way that it did because the police officer did not subjectively intend to make an arrest as evidenced by his issuance of a citation before the search. Moreover, interpreting Knowles in this way places it in tension with Raw-lings. If a police officer’s subjective motive for making the arrest is critical, it should be the subject of fact-finding at any suppression hearing where the search occurred prior to the formal arrest. Yet, the Supreme Court in Rawlings said that it was not “particularly important that the search preceded the arrest rather than vice versa.”
There is good reason for the Supreme Court’s preference for categorical rules on the subject of a stop or arrest and search incident to arrest — i.e., “to provide clear guidance to law enforcement” (Riley, 573 US at —, 134 S Ct at 2491). Otherwise, every stop or arrest or search incident to arrest would inevitably devolve into difficult-to-resolve disputes about motive or whether a threat of harm to the police officer or risk of destruction of evidence actually existed in the particular case. The facts here are seemingly clear-cut (i.e., the police officer’s statements at the suppression hearing) and perhaps not often repeated, which makes departure from the categorical rules tempting. But a categorical rule no longer serves its purpose if a court decides to ignore it in individual cases where it seems less fair than particularized fact-finding.
Chief Judge Lippman and Judges Pigott and Rivera concur; Judge Read dissents in an opinion; Judge Abdus-Sadaam taking no part.
*622 Order reversed, defendant’s motion to suppress granted and indictment dismissed.