Filed 9/24/15  In re Kevin L. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re KEVIN L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  KEVIN L.,  Defendant and Appellant. | F069310  (Super. Ct. No. 14CEJ600111)  **OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Kimberly Nystrom-Geist, Judge.

Caitlin U. Christian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Gregory B. Wagner, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

The juvenile court adjudged appellant a ward of the court (Welf. & Inst. Code, § 602) after appellant admitted the People's allegation that he had possessed methamphetamine (Health & Saf. Code, § 11377, subd. (a)). On appeal, appellant argues the juvenile court erred by denying his motion to suppress the methamphetamine, as the search that yielded that evidence was unlawful. We affirm.

## FACTS

On February 19, 2014, Officer Michael Aguilar observed a group of four minors, including appellant, run across a street and impede traffic. Aguilar detained the group for jaywalking and, because appellant was wearing a baggy sweatshirt that covered his waistband, informed the minors that they would be subject to a patdown search for weapons. As Aguilar placed appellant's hands behind his head, he observed a pack of cigarettes sticking out of appellant's pocket. Aguilar placed appellant under arrest for possession of tobacco, and a search incident to that arrest yielded a small bag of methamphetamine.

As a result of the search, a petition was filed against appellant alleging the possession of methamphetamine. Prior to the jurisdictional hearing, appellant filed a motion to suppress the evidence against him, arguing the patdown search was unlawful and the cigarettes and methamphetamine were products of that unlawful search. The People opposed the motion, arguing the search was justified as a search incident to arrest or, in the alternative, the search was based on a reasonable suspicion that appellant was armed and dangerous.

Following a hearing on the matter, the juvenile court denied appellant's motion to suppress, finding the search was based on a reasonable suspicion that appellant was armed and dangerous. Appellant then admitted the allegation in the petition, and was adjudged a ward of the court. This appeal followed.

## DISCUSSION

Appellant argues the patdown initiated by Officer Aguilar was unlawful, as it was neither incident to an arrest nor based on a reasonable suspicion that appellant was armed and dangerous. We disagree.

While warrantless searches are generally presumed to be unreasonable, a search incident to a lawful arrest is a settled exception to the warrant requirement. (*Chimel v. California* (1969) 395 U.S. 752, 762-763.) A search incident to arrest may precede the actual arrest, however, so long as (1) the probable cause to arrest existed prior to the search, and (2) the arrest followed shortly after the search. (*Rawlings v. Kentucky* (1980) 448 U.S. 98, 111; *In re Lennies H.* (2005) 126 Cal.App.4th 1232, 1239-1240.)

Here, it is undisputed that Officer Aguilar had probable cause to believe appellant had committed a jaywalking violation. While jaywalking is a minor offense, an officer who "has probable cause to believe that an individual has committed even a very minor criminal offense in his presence ... may, without violating the Fourth Amendment, arrest the offender." (*Atwater v. City of Lago Vista* (2001) 532 U.S. 318, 354; see *People v. McKay* (2002) 27 Cal.4th 601, 607.) Accordingly, Aguilar had probable cause to arrest appellant prior to initiating the patdown search that yielded the cigarettes and methamphetamine.

In addition to having probable cause to arrest appellant prior to the search, it is also undisputed that Aguilar arrested appellant immediately following the search. It is of no consequence that the arrest was for a different offense than the one Aguilar had probable cause to arrest appellant for prior to the search, as probable cause to arrest does not "evaporate" because a suspect is ultimately arrested for a different offense. (*People v. Gomez* (2004) 117 Cal.App.4th 531, 539 (*Gomez*).)

In an attempt to rebut the validity of Aguilar's patdown search, appellant cites *People v. Scott* (1976) 16 Cal.3d 242 (*Scott*), *Knowles v. Iowa* (1998) 525 U.S. 113

3

(*Knowles*), and *Rodriguez v. United States* (2015) ____U.S. ____ [135 S.Ct 1609] (*Rodriguez*). All of these cases are readily distinguished. In *Scott*, police offered to provide a ride to an individual, but conducted a patdown search prior to allowing him inside the patrol car. (*Scott*, *supra*, 16 Cal.3d at p. 245.) Though the search yielded illegal narcotics, our Supreme Court held the search to be unlawful, as the individual was being given a voluntary ride and was not under arrest. (*Id*. at pp. 246, 249.) In the instant case, however, the interaction was not voluntary, and while appellant had not yet been placed under arrest, Officer Aguilar had probable cause to do so.

*Knowles* is similarly distinguishable. There, an officer stopped a motorist for speeding and, instead of arresting the driver, issued a traffic citation. (*Knowles*, *supra*, 525 U.S. at p. 114.) After issuing the citation, the officer conducted a search of the vehicle, and recovered narcotics and narcotics paraphernalia. (*Ibid*.) The United States Supreme Court found the search unlawful, however, as the driver had not been placed under arrest, but had instead been issued a citation. (*Id*. at p. 117.) By contrast, in the instant case, Officer Aguilar had not opted to issue a citation to appellant before initiating the patdown search.

*Rodriguez* is also distinguishable. In that case, an officer delayed the conclusion of an otherwise completed traffic stop for approximately seven to eight minutes in order to procure backup for the purposes of having a drug-sniffing dog inspect the suspect's car. (*Rodriguez*, *supra*, 135 S.Ct at pp. 1612-1613.) Though the dog located methamphetamine, the United States Supreme Court invalidated the search on the grounds that it unduly prolonged the detention beyond the time required to complete the "tasks tied to the traffic infraction." (*Id*. at p. 1614.) The *Rodriguez* court differentiated, however, between impermissible delays caused by extraneous investigations into separate criminal acts, such as dog sniffs in the absence of reasonable suspicion, and permissible delays caused by officer safety measures, such as ordering a suspect out of his or her vehicle. (*Id*. at p. 1616.)

4

In the instant case, however, there is no evidence showing that Officer Aguilar initiated the patsearch of appellant for any reason other than officer safety. Further, a patsearch conducted at the scene of a police detention, as occurred in this case, prolongs a detention far less than a call for backup followed by a dog sniff, as occurred in *Rodriguez.* In sum, while *Rodriguez* focused on the validity of searches concerning extraneous criminal acts that unduly prolong a detention, the instant case involves an officer safety search that, had it not yielded evidence of additional criminal acts, would have resulted in only a token increase in appellant's detainment time. As such, *Rodriguez* is not applicable.

More applicable is the principle of law annunciated in *Gomez*, *supra*, 117 Cal.App.4th 531, and discussed above. There, police detained a motorist for a seatbelt infraction and initiated a search of the vehicle that resulted in the discovery of narcotics, for which the driver was subsequently arrested. (*Id*. at p. 536.) In upholding the validity of the detention and search, the Fourth Appellate District held there was probable cause to arrest the driver for a seatbelt infraction, detainment with probable cause to arrest is a lawful de facto arrest, and "[a]bsent a Fourth Amendment violation, the evidence obtained as a result of the de facto arrest may not be suppressed." (*Id*. at p. 539.)

Here, because Officer Aguilar had probable cause to arrest appellant prior to the search, and the arrest followed shortly after the search, we find the search lawfully incident to arrest. As we find the search was justified on that ground, we need not address the question of whether or not it was based on a reasonable suspicion that appellant was armed and dangerous.

## DISPOSITION

The judgment is affirmed.