Filed 3/16/22  P. v. Schoultz CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JACOB LOUIS SCHOULTZ,<br><br>    Defendant and Appellant. | B314170<br><br>(Los Angeles County<br>Super. Ct. No. PA094193) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.

After denial of his motion to suppress evidence pursuant to Penal Code section 1538.5, defendant and appellant Jacob Louis Schoultz pled no contest to taking a vehicle without consent, in violation of Vehicle Code section 10851, subdivision (a).  The trial court imposed and suspended a two-year sentence and placed Schoultz on probation for 18 months, with probationary conditions including 97 days in county jail.

In his timely appeal, Schoultz contends his suppression motion should have been granted with respect to evidence obtained in a search of his person because the exception to the warrant requirement for a search incident to arrest did not apply.[1]

We affirm the trial court's judgment.

## FACTS

At approximately 9:00 p.m., on February 8, 2020, Los Angeles County Sheriff's Deputy James Van Horn and his partner were patrolling the rest area of a truck stop and gas station in Castaic when Deputy Van Horn observed Schoultz smoking and dropping lit ashes to the ground.  There were cigarette butts gathered around Schoultz's feet.  Deputy Van Horn was aware that Penal Code section 374.3, subdivision (a), prohibits the littering of lit ash and cigarette butts, so he

---

[1] Schoultz concedes that he had no expectation of privacy with respect to the contents of a stolen car that was subsequently searched.

2

approached Schoultz and told him he could not drop ash or cigarettes on the ground.

While talking to Schoultz, Deputy Van Horn noticed that Schoultz was experiencing involuntary jaw movement that caused Schoultz to grind his teeth. He also noticed that Schoultz's pupils were constricted despite the low lighting conditions. Schoultz also had glossy sweat on this face, despite the fact that it was 55 degrees outside. Based on Schoultz's symptoms, and drawing on his training and experience in recognizing symptoms from the use of narcotics, Deputy Van Horn believed Schoultz was under the influence of a central nervous system stimulant in violation of Health and Safety Code section 11550.[2] Deputy Van Horn informed Schoultz of his belief and asked Schoultz if he was under the influence, but Schoultz refused to answer. It was at that time that Deputy Van Horn "developed a detention and then arrest." Deputy Van Horn took Schoultz to the officer's patrol vehicle. He proceeded to search Schoultz, because Deputy Van Horn determined Schoultz "was arrestable at that time" for the violation of section 11550. Deputy Van Horn found a pipe with methamphetamine residue, a bag of heroin, and a car key fob in Schoultz's clothing. Deputy Van Horn placed Schoultz in the back seat of his patrol car.

Deputy Van Horn asked how Schoultz arrived at the rest area, and Schoultz responded that his friend dropped him off; Shoultz added that he was planning to take an Uber to Woodland Hills. Deputy Van Horn found Schoultz's story suspicious and believed he was possibly concealing more narcotics or a weapon

---

[2] All further statutory references are to the Health and Safety Code unless otherwise indicated.

in a vehicle.  The deputy pushed the lock button on the key fob he had confiscated from Schoultz.  A car located 20 yards away flashed its lights and beeped.  When Deputy Van Horn approached the car, he saw numerous hypodermic needles inside.  Deputy Van Horn's partner radioed Deputy Van Horn from the patrol car and informed him that Schoultz had stated the car was stolen.

Deputy Van Horn arrested Schoultz for the drug-related violations and taking a vehicle without consent.  The deputy informed Shoultz of his *Miranda*[3] rights, which Schoultz waived.  Schoultz admitted that he was under the influence of a controlled substance and that he was driving the car without permission.

## DISCUSSION

*Legal Principles*

"'In California, issues relating to the suppression of evidence derived from governmental searches and seizures are reviewed under federal constitutional standards.'
[Citations.]  ""We defer to the trial court's factual findings, express or implied, where supported by substantial evidence.  In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment."'' [Citations.]" (*People v. Macabeo* (2016) 1 Cal.5th 1206, 1212 (*Macabeo*).)

"'The Fourth Amendment to the federal Constitution prohibits *unreasonable* searches and seizures.' [Citiation.]

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

"'[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness.'" [Citation.] Our cases have determined that "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant.'" [Citations.] 'In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement.' [Citation.] The burden is on the People to establish an exception applies. [Citations.]" (*Macabeo, supra,* 1 Cal.5th at pp. 1212–1213.)

"One such exception is a search incident to lawful arrest." (*Macabeo, supra,* 1 Cal.5th at p. 1213.) "A search incident to arrest 'has traditionally been justified by the reasonableness of searching for weapons, instruments of escape, and evidence of crime when a person is taken into official custody and lawfully detained.' [Citation.] It is the fact of the arrest that justifies the search. An officer need not have particularized cause to believe an arrestee is actually armed or possesses contraband in order to search him. [Citations.]" (*Id*. at p. 1214.) "A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." (*U.S. v. Robinson* (1973) 414 U.S. 218, 235.) "When a custodial arrest is made, and that arrest is supported by independent probable cause, a search incident to that custodial arrest may be permitted, even though the formalities of the arrest follow the search." (*Macabeo, supra,* at p. 1218; *Rawlings v. Kentucky* (1980) 448 U.S. 98, 111 (*Rawlings*).)

*Analysis*

Schoultz acknowledges on appeal that Deputy Van Horn had probable cause to arrest him for being under the influence of a controlled substance.  However, he contends that because he was *not yet* under arrest when he was searched, the evidence discovered in his clothing should have been suppressed pursuant to the exclusionary rule, and his subsequent admissions should have been suppressed as "fruit of the poisonous tree."[4] Alternatively, Schoultz makes the novel argument that when a crime is a misdemeanor that does not require arrest, the police cannot conduct a full body search even if probable cause exists. Schoultz cites *Knowles v. Iowa* (1998) 525 U.S. 113, 118–119 (*Knowles*) and *Macabeo, supra,* 1 Cal.5th at page 1218, to support these contentions.  Both cases are inapposite.

In *Knowles,* a police officer stopped Knowles for speeding. (*Knowles, supra,* 525 U.S. at p. 114.)  The officer could have arrested Knowles but instead issued a citation.  (*Ibid.*)  The

---

[4] When arguing the suppression motion to the trial court, Schoultz's counsel contended that Deputy Van Horn did not have probable cause to arrest  Schoultz based upon the minor observations that Schoultz was under the influence of a CNS stimulant.  Moreover, when the court inquired if the search could be justified as a search incident to arrest, defense counsel conceded:  "Right, they can search him incident to arrest.  And there is even caselaw that says you can do the search first, before the arrest[.]"  Counsel then explained:  "but you still have to have enough probable cause to arrest somebody.  And my argument is, with those very minor symptoms, that is not sufficient probable cause to arrest somebody."  The People do not raise the possibility of waiver of the argument now made on appeal, and we do not address it.

officer then conducted a full search of Knowles's car, found marijuana, and arrested him.  (*Ibid*.)  The officer relied on Iowa law, which permitted an officer to conduct a warrantless search pursuant to citation if the officer issued a citation in lieu of arrest.  (*Id*. at pp. 114–115.)  The United States Supreme Court concluded that the search was not justified in Knowles's case, because the threat to officer safety from issuing a traffic citation is "a good deal less than in the case of a custodial arrest", and once the speeding citation was issued, no further evidence of excessive speeding was going to be found either on Knowles or in the car.[5]  (*Id*. at pp. 117–118.)

In *Macabeo*, a police officer detained the defendant for failing to stop his bicycle at a stop sign.  (*Macabeo, supra,* 1 Cal.5th at p. 1219.)  The officer arrested Macabeo after he searched Macabeo's person and discovered pictures of underaged girls in his phone.  (*Id*. at pp. 1211–1212.)  The trial court accepted the prosecutor's argument that Macabeo was lawfully searched incident to arrest because he "*could have been* arrested for failing to stop at a stop sign," and denied Macabeo's motion to suppress.  (*Id*. at p. 1212.)  The Court of Appeal affirmed.  (*Ibid*.)  In oral argument before our Supreme Court, the People acknowledged that state law *precluded* arresting Macabeo under the circumstances.  (*Id*. at p. 1219.)  The Supreme Court observed that, as in *Knowles*, the defendant was not taken into custody, and the search was not justified because the traditional

---

[5] In *Knowles*, the Supreme Court did not address the question of whether the Iowa law allowing a search incident to citation could ever be lawfully applied, but only whether it could be applied lawfully in Knowles's case.  (*Knowles, supra,* 525 U.S. at p. 115.)

justifications for a search incident to arrest were not present—there was little threat to officer safety, and no further evidence of failing to stop at a stop sign would be found by searching Macabeo.  (*Ibid*.)

Neither *Knowles* nor *Macabeo* involved an arrest, thus neither case stands for the broad proposition that where an arrest occurs after a search, the incident to arrest exception does not apply.  To the contrary, the United States Supreme Court has held that, where the traditional justifications for the exception are present, it is irrelevant if a formal arrest takes place subsequent to the search rather than before the search is conducted.  (*Rawlings*, *supra*, 448 U.S. at p. 111.)

Moreover, neither *Knowles* nor *Macabeo* hold that where a crime may be punished by either arrest or citation a search incident to arrest is prohibited.  Fourth Amendment jurisprudence teaches that where there is probable cause for arrest and an actual arrest supported by that probable cause is made prior to search or soon thereafter, the traditional justifications for a search incident to arrest—officer safety, preservation of evidence, and prevention of escape—will be present.  (*Macabeo, supra,* 1 Cal.5th at p. 1219.)  In *Knowles*, the Supreme Court held that the officer's issuance of a citation under the specific circumstances of that case did not present the same dangers to the officer's safety that accompany an arrest.  (*Id*. at pp. 116–118.)  Because the state also failed to demonstrate that there was a need to preserve evidence, the necessary justifications were not present when the search was conducted.  (*Id*. at pp. 118–119.)  In *Macabeo*, the officer neither issued a citation nor arrested the defendant, and again, the court held the required justifications for an exception to the warrant

8

requirement were not present.  (*Macabeo, supra,* 1 Cal.5th at p. 1219.)

In this case, it is undisputed that Deputy Van Horn had probable cause to arrest Shoultz for being under the influence of a controlled substance and that he in fact arrested Schoultz for that crime immediately following the search.  The dangers that accompany an arrest were therefore present, and the warrantless search was lawful.  Accordingly, there was no basis for suppressing the evidence discovered on Schoultz's person (nor any of Schoultz's statements or discovery of additional evidence after that time) under the exclusionary rule.

## DISPOSITION

The trial court's judgment is affirmed.



MOOR, J.


We concur:



RUBIN, P.  J.



KIM, J.