OPINION OF THE COURT
John J. Connell, J.
*635 The defendant moves for an order pursuant to CPL 710.20 (1) suppressing as evidence tangible property obtained by means of an unlawful search and seizure. In addition, the defendant seeks an order declaring section 75-12 (A) and (C) and section 111-75 of the Code of the City of Rochester, New York, unconstitutional. By order of this court dated April 9, 2009, the City of Rochester was granted permission to intervene on the motion.
The facts on this motion and the legal challenge made have been considerably focused by stipulation between the People and the defendant.
On September 22, 2008, the defendant’s car was impounded by the Rochester Police Department pursuant to section 75-12 (C) and section 111-75 (C) (1) of the Code of the City of Rochester (Municipal Code). Section 75-12 (A) (3) of the Municipal Code prohibits the audibility of amplified sound beyond 50 feet of a vehicle and section 75-12 (C) mandates the nondiscretionary towing of vehicles found in violation of section 75-12. Municipal Code § 111-75 (C) (1) further provides, in pertinent part, that “[a]ny motor vehicle which has been . . . used in connection with the commission of a violation of ... § 75-12 of the Municipal Code (Sound reproduction devices used for miscellaneous purposes) . . . shall be subject to towing and impoundment under this section.”
A determination was made by Rochester Police Officer Daniel Mesiti that, on the day in issue, defendant had violated Municipal Code § 75-12 (A) (3). Defendant’s car was designated under the ordinance for towing and a pre-tow inventory search of the defendant’s car yielded a loaded .380 semiautomatic handgun. The sole justification for the search has been stipulated to be the direction contained in the Municipal Code sections previously cited that the defendant’s car be towed and impounded.
Since the stipulation entered into herein removes probable cause as a basis for the search of defendant’s car, the only issue for this court to resolve is whether the car was impounded pursuant to a legitimate community caretaking function (Knowles v Iowa, 525 US 113 [1998]). The court is left squarely to resolve whether the seizure of defendant’s vehicle for violating this noise ordinance runs afoul of the prohibition against unreasonable searches and seizures. The court holds that it does.
It is well established that in the interests of public safety and as part of their community caretaking function, municipalities may take automobiles into police custody (Cady v Dombrowski, 413 US 433 [1973]). The preservation of evidence, the uninter-
*636 rupted flow of traffic, removal of disabled or damaged vehicles, removal of vehicles in violation of parking ordinances, removal of vehicles that cannot be operated because of an unlicensed driver or because they are unregistered, uninsured or uninspected are just some examples of the community caretaking function (South Dakota v Opperman, 428 US 364 [1976]; People v Johnson, 298 AD2d 281 [2002]). Perhaps aware that none of these illustrations fit the stipulated facts, the City argues that the legislative intent included in the passage of Municipal Code § 111-75 establishes that the seizure of a vehicle for a noise violation is reasonable as part of the police community caretaking function. However, the City provides no authority for its position other than the stated legislative declaration itself. Statutory authorization does not, in and of itself, determine the constitutional reasonableness of a seizure (Sibron v New York, 392 US 40 [1968]). The question is rather whether the seizure was reasonable under the Fourth Amendment (Sibron at 61).
In view of the fact that seizure of a motor vehicle solely for violation of a noise ordinance fails to meet the criteria of a community caretaking function as developed through a long line of cases, the court finds that the defendant’s motion must be granted on the grounds that the seizure of his automobile under the circumstances presented here violated his Fourth Amendment right to be free of an unreasonable seizure and search. Insofar as Municipal Code § 75-12 (C) and § 111-75 (C) authorize the nondiscretionary towing of a vehicle on the sole basis that it was used in the commission of violation of Municipal Code § 75-12, those sections violate the New York State and United States constitutional prohibitions against unreasonable search and seizure.
Accordingly, the defendant’s motion is granted and the evidence in the form of the seized handgun is suppressed and prohibited from use at trial against him.