**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVIS WHITE, | No. 10-56042 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00713-JHN-FMO |
| v. | |
| COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF-CORONER DEPARTMENT; DONALD RUSK; MARK ADDY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted November 5, 2012
Pasadena, California

Before: GRABER, IKUTA, and WATFORD, Circuit Judges.

Travis White challenges several of the district court's rulings that resulted in

judgment for defendants. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** White argues that the district court erred in granting summary judgment to defendants on his First Amendment claim. We disagree. To demonstrate retaliation in violation of the First Amendment, White must prove that the officers' desire to chill his speech was a but-for cause of their actions. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900-01 (9th Cir. 2008); *Skoog v. County of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006). We have previously affirmed the dismissal of a First Amendment retaliation claim on summary judgment when there was "very strong evidence of probable cause and very weak evidence of a retaliatory motive." *Dietrich*, 548 F.3d at 901.

Here, there was strong evidence supporting reasonable suspicion to conduct a pat-down search of White, which is what led to White's removal from the car and the escalation of his encounter with the police. The officers saw damage to White's vehicle that was inconsistent with his claim that he had merely run into the curb; they observed White wearing cotton gloves and saw him reach under his seat as they approached; they noticed that the vehicle's license plates were covered; and White was unable to provide his driver's license upon request. At that point, the officers could reasonably have believed that conducting a pat-down search was necessary to protect their safety before proceeding further with their investigation.

The evidence of a retaliatory motive here was weak. The only such evidence White identifies is the fact that the officers conducted the pat-down search shortly after he made inflammatory statements about the police. But even viewing all of the evidence in the light most favorable to White, we do not think any reasonable jury could conclude that the officers' decision to conduct a pat-down search of White was motivated by a desire to deter his speech.

**2.** White argues that the district court erred in granting summary judgment to defendants on his state law civil rights claims. The district court correctly concluded that White has no claim under California Civil Code sections 51.7 and 52(b) because he provided no evidence that the officers' conduct was motivated by race or any other listed ground.

A claim under Civil Code section 52.1 requires only interference with the exercise of a federal or state constitutional right. *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 842-43 (2004). Apart from his First Amendment claim, which fails for the reasons given above, White premises his section 52.1 claim on his right to be free of unreasonable searches under the California Constitution. He argues that the California Constitution requires officers to have a subjective belief in the existence of reasonable suspicion and probable cause in order to avoid liability in civil actions.

But even assuming California law includes such a requirement, White's argument fails because there is no genuine dispute that the officers subjectively believed they had reasonable suspicion to detain White while they completed their investigation, and probable cause to arrest White after he resisted the officers' efforts to handcuff him. The purportedly contrary testimony White cites suggests only that the officers did not believe, while White was still in the car, that they had probable cause to arrest him. This testimony does not undermine the officers' position that they had reasonable suspicion to detain White while investigating the apparent hit-and-run accident, and probable cause to arrest White only after he resisted the officers' efforts to handcuff him. Thus, the district court did not err in granting summary judgment to defendants on White's section 52.1 claim.[1]

**3.** White argues that the district court should have granted partial summary judgment in his favor as to the lawfulness of his detention. However, after a full trial on the merits has been conducted, the denial of a summary judgment motion is not reviewable on appeal. *See Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1358-59 (9th Cir. 1987).

---

[1] White provides no argument regarding the other constitutional claims briefly referenced in his complaint. We decline to address those claims here.

**4.** White argues that the district court erred at trial in granting defendants judgment as a matter of law on the lawfulness of his detention. We disagree. Having been told by a witness that there was an accident in the drive-through lane, and having observed damage to White's car that was inconsistent with White's claim that he had merely hit a curb, the officers had reasonable suspicion to believe that White was committing a hit and run. Although White argues that he could not have committed that crime because he was not in the process of running, the officers were not required to wait for the suspected crime to be completed before detaining him. *See Arizona v. Johnson*, 555 U.S. 323, 326 (2009). Even if White was not actively fleeing the scene, he had not pulled over and was not preparing to give his name and contact information to the restaurant manager. Thus, the officers' decision to detain him while they investigated further was reasonable and no rational jury could have found to the contrary.

**5.** White argues that he should have been granted judgment as a matter of law on his battery claim because, in California civil cases, an officer must have a subjective belief in the existence of reasonable suspicion and probable cause when using force to detain and arrest a suspect. This argument fails, because California law does not require police officers to subjectively believe they had reasonable

5

suspicion in order to prevail against a battery action.  *See Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527-28 (2009).

**6.**  White raises three arguments regarding jury instructions.  First, he argues that the district court erred in rejecting his request for Instruction 9.11 from the Manual of Model Jury Instructions for the Ninth Circuit.  However, Instruction 9.11 is simply the general unreasonable search instruction; it does not provide the reasonable suspicion standard for evaluating pat-down searches.  The Comment to Instruction 9.11 explains that it should be used only in conjunction with an instruction setting forth the standard governing the specific type of search at issue.  Thus, the district court did not abuse its discretion in declining to give Instruction 9.11 standing alone.  *See Tritchler v. County of Lake*, 358 F.3d 1150, 1154 (9th Cir. 2004).

Second, White argues that the instruction on vehicle searches was incorrect in light of *Knowles v. Iowa*, 525 U.S. 113 (1998), but *Knowles* does not prohibit limited searches for required documentation, and the jury was correctly instructed in that regard.  *See In re Arturo D.*, 27 Cal. 4th 60, 86 (2002).

Finally, White argues that the district court should have provided a constructive-notice instruction to account for the fact that the defendants missed return information from the dispatcher that would have confirmed White's identity

and his ownership of the car. However, because the district court correctly granted defendants judgment as a matter of law with respect to the lawfulness of White's detention, whether the defendants should have been charged with knowing the dispatcher's information was irrelevant to the issues left for the jury to decide.

**AFFIRMED.**

White v. County of San Bernardino, No. 10-56042

GRABER, Circuit Judge, dissenting in part:

I respectfully dissent in part, as to the federal and state retaliation claims.

On summary judgment, viewing the facts in Plaintiff White's favor as we must, there is evidence from which a reasonable finder of fact could conclude that the officers were motivated by White's protected speech to conduct the pat-down search. Both officers' affidavits stated that White repeatedly cursed at them and asked, "Why are you always fucking with me?" before he exited the car and thus before any search occurred. Similarly, Defendant Addy said in deposition testimony that White answered requests to get out of the car with, "You guys are just fucking with me," while still in the car. Further, Addy testified that his search was motivated by White's "uncooperative behavior" and his "demeanor," which a fact-finder reasonably could conclude meant—at least in significant part—White's cursing and his unflattering comments about police.

Generally speaking, resolving an issue as a matter of law is proper only when its resolution "is so obvious that reasonable minds [could] not differ." SEC v. Todd, 642 F.3d 1207, 1220 (9th Cir. 2011) (internal quotation marks omitted) (alteration in original). That admonition has particular force in the context of free speech and in the context of assessing an actor's motivation. Here, in my view the retaliation claims are not suitable for resolution on summary judgment.

In all other respects, I join the disposition.