Filed 2/13/14  P. v. Chavez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B247842 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA074188) |
| v. | |
| ARTHUR JOSE CHAVEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Arthur Jose Chavez pled guilty, following the denial of his Penal Code[1] section 1538.5 motion to suppress evidence, to one count of possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a), and one count of resisting an executive officer in violation of section 69. He admitted he had suffered a prior strike conviction within the meaning of sections 667, subdivisions (b) through (i), and 1170.12. The court sentenced appellant to the agreed upon term of four years in state prison.

Appellant appeals from the denial of his motion to suppress, contending the warrantless search of his person during the traffic stop violated the Fourth Amendment. We affirm the judgment of conviction.


FACTS

On July 28, 2012, at about 9:05 p.m., Los Angeles Police Sergeant Nakamura, Officer Coleman and Officer Wood were on patrol when they noticed that they could not read the license plate of appellant's car from 50 feet away. One of the license plate lights was not working. They stopped appellant for a violation of Vehicle Code section 24601.

A violation of Vehicle Code section 24601 is an infraction, and is punishable by a citation, unless the motorist fails to present his driver's license or other satisfactory proof of registration, refuses to give his written promise to appear or demands an immediate appearance before a magistrate. (Veh. Code, § 40302.)

Sergeant Nakamura and Officer Coleman walked over to appellant's car. Appellant was the driver and sole occupant of the vehicle. Sergeant Nakamura asked appellant for his driver's license, registration and insurance. He also asked appellant if he was on probation or parole. Appellant replied that he was on formal probation for a burglary. The sergeant asked appellant to step out of the car. Appellant complied, and Officer Wood searched him. The officer found a small package containing heroin in one of appellant's pockets.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

The officers arrested appellant and took him to the police station. There, they began a strip search of him. When appellant bent over to take his shoes off, he took something from his groin area and put it in his mouth. The officers tried to restrain appellant, but he was able to take the object from his mouth and throw it into the toilet. Appellant attempted to flush the toilet, and a struggle ensued between the officers and appellant. Once appellant was restrained, Officer Wood retrieved the object from the toilet. It was a bindle containing cocaine and methamphetamine.

## DISCUSSION

Pursuant to section 1538.5, appellant moved to suppress the evidence obtained in the pre-arrest and booking searches on the ground that the warrantless searches were unreasonable. This motion was denied. He renewed this motion to suppress when he made a motion to dismiss pursuant to section 995. Both motions were denied. The trial court found the warrantless search of appellant was not a valid probation search because police did not know that appellant had a search condition.[2] The court found the search was nonetheless valid as a search incident to arrest. Appellant contends that since there was no arrest for the infraction prior to the search, the trial court erred in denying the motion to suppress. We do not agree.

In ruling on a motion to suppress, the trial court finds the historical facts, selects the applicable rule of law and applies the law to the facts to determine whether the law has been violated. (*People v. Williams* (1988) 45 Cal.3d 1268, 1301.) The trial court's determination of the historical facts is reviewed under a deferential substantial evidence standard, but the trial court's selection of law and application of the law to the facts are subjected to independent review. (*Ibid.*) Issues relating to the suppression of evidence derived from police searches and seizures are reviewed under federal constitutional standards. (*People v. Robles* (2000) 23 Cal.4th 789, 794.)

---

[2] The trial court was correct. (*People v. Hoeninghaus* (2004) 120 Cal.App.4th 1180.)

3

"With the passage of Proposition 8, we are not free to exclude evidence merely because it was obtained in violation of some state statute or state constitutional provision. Our state Constitution . . . forbids the courts to order the exclusion of evidence at trial as a remedy for an unreasonable search and seizure unless that remedy is required by the federal Constitution as interpreted by the United States Supreme Court. [Citations.]" (*People v. McKay* (2002) 27 Cal.4th 601, 608.)

Under the federal Constitution, a warrantless search is presumed to be illegal. (*United States v. Chadwick* (1977) 433 U.S. 1, 6 [97 S.Ct. 2476, 53 L.Ed.2d. 538].) A search incident to a lawful arrest is an exception to the Fourth Amendment's warrant requirement. (*United States v. Robinson* (1973) 414 U.S. 218, 224, 230 [94 S.Ct. 467, 38 L.Ed.2d 427].) In this context, a lawful arrest is one which is based on probable cause and so complies with federal constitutional constraints. (*Virginia v. Moore* (2008) 553 U.S. 164, 176-177 [128 S.Ct. 1598, 170 L.Ed.2d 559] ("*Moore*").)

The U.S. Supreme Court has made it clear that a police officer who witnesses the commission of even a very minor criminal offense has probable cause to arrest the offender. (*Atwater v. City of Lago Vista* (2001) 532 U.S. 318, 354 [121 S.Ct. 1536, 149 L.Ed.2d 549] [violation of Texas law requiring passengers in front seat of vehicle to wear seat belts].) The fact that a state or federal statute does not permit an arrest for the offense is irrelevant to a Fourth Amendment reasonableness analysis. (*Moore, supra,* 553 U.S. at pp. 164, 167, 169, fn. 2, 172 [defendant arrested in violation of a Virginia statute that required only a summons be issued for driving with a suspended license]; *Whren v. United States* (1996) 517 U.S. 806, 815 [116 S.Ct. 1769, 135 L.Ed.2d 89] [District of Columbia regulation limiting authority of unmarked police car to make a stop irrelevant to Fourth Amendment reasonableness issue]; *Cooper v. State of California* (1967) 386 U.S. 58, 60-61 [87 S.Ct. 788, 17 l.Ed.2d 730] [state forfeiture law irrelevant as to whether the car search was reasonable].)

The California Supreme Court has recognized this body of law and "[concluded], in accordance with United States Supreme Court precedent, that custodial arrests for fine-only offenses do not violate the Fourth Amendment and that compliance with state arrest

4

procedures is not a component of the federal constitutional inquiry." (*People v. McKay, supra,* 27 Cal.4th at p. 605.)

The U.S. Supreme Court has held that officers may search someone incident to arrest *before* the formal pronouncement of arrest. (*Rawlings v. Kentucky* (1980) 448 U.S. 98, 111 [100 S.Ct. 2556, 65 L.Ed.2d 633] ("*Rawlings*") ["Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa."].) The Court in *Rawlings* imposed no limitations on such a search, apart from the requirements that probable cause to arrest exist before the search and the arrest quickly follow the search. (*Ibid.*)

Appellant contends that the holding of *Rawlings* was impliedly limited by the U.S. Supreme Court's later holding in *Knowles v. Iowa* (1998) 525 U.S. 113 [119 S.Ct. 484, 142 L.Ed.2d 492] ("*Knowles*"), and that *Knowles* requires an actual custodial arrest to search a person stopped for a traffic violation or other minor infraction. He further contends this holding in *Knowles* was reaffirmed in *Moore, supra,* 553 U.S. 164.

We see nothing in *Knowles* which requires a search to be made only after a formal arrest in cases involving minor infractions. At issue in *Knowles* was an Iowa law which had been interpreted to authorize police officers to conduct a search of a vehicle and its driver "in those cases where police elect not to make a custodial arrest and instead issue a citation – that is, a search incident to citation." (*Knowles, supra,* 525 U.S. at p. 115.) The U.S. Supreme Court held only that searches incident to citation are not permissible under the U.S. Constitution. (*Id.* at pp. 115-116 ["the Iowa Supreme Court upheld the constitutionality of the search under a bright-line 'search incident to citation' exception to the Fourth Amendment's warrant requirement . . . . We . . . now reverse."]

We also see nothing in *Moore* which supports appellant's interpretation of *Knowles*. *Moore* involved the exclusion of evidence obtained during a search incident to an arrest which was not authorized by Virginia state law. (*Moore, supra*, 553 U.S. at p. 167.) The arrest was permissible under federal constitutional standards. (*Id.* at p. 176.) The Virginia Supreme Court believed that *Knowles* applied and required the exclusion of

5

evidence seized from Moore. (*Id.* at pp. 168, 177.) The U.S. Supreme Court first distinguished *Knowles*, pointing out that "[o]fficers issuing citations do not face the same danger [as officers making arrests], and we therefore held in *Knowles v. Iowa*, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), that they do not have the same authority to search. We cannot agree with the Virginia Supreme Court that *Knowles* controls here. The state officers *arrested* Moore, and therefore faced the risks that are 'an adequate basis for treating all custodial arrests alike for purposes of search justification. [Citation.]" (*Moore, supra,* 554 U.S. at p. 177.) The U.S. Supreme Court next noted that "[t]he Virginia Supreme Court may have concluded that *Knowles* required the exclusion of evidence seized from Moore because, under state law, the officers who arrested Moore should have issued him a citation instead." (*Ibid.*) The U.S. Supreme Court explained that "the arrest rules that the officers violated were those of state law alone" and the Fourth Amendment "does not require the exclusion of evidence obtained from a constitutionally permissible arrest." (*Id.* at p. 178.) The Court in *Moore* said nothing about the situation present here, where the officers did not issue a citation *or* arrest the suspect before the search.

Since *Moore* and *Knowles* do not limit the holding of *Rawlings*, we are bound by *Rawlings*, which allows a search incident to arrest to precede the arrest. The requirements in *Rawlings* were met here. The officers observed a violation of the Vehicle Code and so had probable cause to arrest appellant before they searched him. The arrest quickly followed the search.[3]

In the alternative, appellant argues if searches preceding an arrest are constitutionally permissible in infraction cases, the arrest must be imminent and inevitable. *Rawlings* contains only a requirement that an arrest "follow quickly on the heels" of a search. (*Rawlings, supra,* 448 U.S. at p. 111.) Appellant's standard of "imminent and inevitable" is not the equivalent of the standard in *Rawlings*.

---

[3] We note that in *Moore* the officers arrested the suspect for a traffic violation, but the suspect was ultimately charged only with possession of cocaine, which was found during the search after arrest. (*Moore, supra*, 553 U.S. at pp. 166-167.)

"Fourth Amendment reasonableness 'is predominantly an objective inquiry.' [Citation.]" (*Ashcroft v. al-Kidd* (2011) __ U.S. __ [131 S.Ct. 2074, 2080, 179 L.Ed.2d 1149] ("*Ashcroft*").) "This approach recognizes that the Fourth Amendment regulates conduct rather than thoughts, [citation]; and it promotes evenhanded, uniform enforcement of the law, [citation]." (*Ibid.*)

The analysis in *Rawlings* is an objective one, which considers what actually happened: Did the arrest quickly follow the search or not? Appellant's standard requires a subjective analysis, which inquires into the police officer's state of mind. Such an inquiry asks: Immediately before beginning the search, did the officer actually intend to arrest the suspect (making the arrest imminent) and to do so regardless of the outcome of the search (making the arrest inevitable)? Thus, appellant's "imminent and inevitable" standard is not consistent with the objective inquiry identified in *Ashcroft, supra,* __ U.S. at p. __ [131 S.Ct. at p. 2080] and the cases cited therein.

Perhaps attempting to meet this objective reasonableness requirement, appellant implies that an arrest can never be considered imminent and inevitable in a minor traffic violation case because such a violation is "not the crime of the century nor one for which we would expect police to usually make a custodial arrest." This is simply an attempt to create a bright line rule requiring an arrest before a search in traffic violation cases. As we have discussed, the U.S. Supreme Court has not created such a rule. Rather, the U.S. Supreme Court permits searches before lawful arrests. (*Rawlings, supra,* 448 U.S. at p. 111.)

Appellant contends that our view of the law would result in law enforcement always conducting an immediate search during a routine traffic stop and only deciding whether to issue a citation and release the detainee or to arrest him after learning the results of that warrantless search. He argues that this is not an incentive which the U.S. Supreme Court intended when it authored *Knowles* and *Moore*. Nothing in the Fourth Amendment would penalize the officer for arresting a motorist for a minor infraction, and thus nothing in *Knowles* or *Moore* gives an officer an incentive to search before arrest.

7

DISPOSITION

We affirm the judgment of conviction.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MINK, J.[*]

We concur:

TURNER, P. J.

KRIEGLER, J.

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8