NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 8 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30011 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00223-RSL-1 |
| v. | |
| DAVID MICHAEL SCHWABLAND, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted March 6, 2017[**]
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

The sole issue in this case is whether the district court erred in refusing to suppress the fruits of a search. The district court found that the search was incident to a lawful custodial arrest; David Schwabland was subsequently convicted of being a felon in possession of a firearm. On appeal, Schwabland argues only that he was

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

not under custodial arrest when searched. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Before the search, the officer told Schwabland that he was under arrest, handcuffed him, and read him his *Miranda* rights. The officer then searched Schwabland, retrieved various objects from his wallet, and questioned him. Another officer placed Schwabland in the back of a police car, where he remained for approximately thirty minutes. During that time, the arresting officer talked to him again.

2. Schwabland argues that no custodial arrest occurred because (1) officers eventually drove him home instead of taking him to the police station, (2) the arresting officer's general practice was to release misdemeanants with a citation, and (3) the police department discouraged booking misdemeanants because of jail overcrowding. But there is "no mechanical checklist" for custodial arrest; rather, our review "turns on the particular facts and circumstances of each case." *United States v. Parr*, 843 F.2d 1228, 1231 (9th Cir. 1988). A reasonable person in Schwabland's position "would have undoubtedly felt that he was under arrest." *United States v. Mota*, 982 F.2d 1384, 1387 (9th Cir. 1993). The search in this case was not merely a "search incident to citation." *Knowles v. Iowa*, 525 U.S. 113, 115 (1998). *See also Berkemer v. McCarty*, 468 U.S. 420, 434 (1984) ("There can be no question that respondent was 'in custody' at least as of the moment he was formally

2

placed under arrest and instructed to get into the police car.”).

**AFFIRMED.**